214 So.2d 465 (1968)
FIRST NATIONAL BANK OF VICKSBURG
v.
Mrs. Sybil CUTRER.
No. 44953.
Supreme Court of Mississippi.
September 30, 1968.
Brunini, Everett, Grantham & Quin, Vicksburg, for appellant.
Prewitt, Bullard, Braddock & Vance, Vicksburg, for appellee.
GILLESPIE, Presiding Justice.
This is a slip and fall negligence case. The plaintiff recovered a judgment for *466 personal injuries sustained in a fall at the side entrance to defendant's bank. The sole question necessary for this Court to decide is whether the evidence on behalf of plaintiff was sufficient to withstand defendant's motion for a peremptory instruction. We hold it was not and the case is reversed and judgment rendered here for defendant.
The uniform rule in this state is, as announced in numerous cases, that when the issue is whether the trial court erred in ruling on a motion for a directed verdict or peremptory instruction we accept as true all evidence favorable to the plaintiff and consider as facts all permissible inferences that may be drawn therefrom; all evidence conflicting with that favorable to plaintiff is not considered. We state the facts in light of this rule.
The bank faces west of Washington Street in Vicksburg. It has a side entrance on Clay Street. On the day plaintiff sustained the injuries involved in this suit she went to the front, or Washington Street entrance, and was directed by a bank employee to use the Clay Street entrance, which she did. The concrete platform or area immediately outside the Bank's Clay Street entrance is twelve inches higher than the level of the sidewalk. On the top edge of the riser the concrete has cracked off about three or three and one-half inches vertically and to a depth horizontally of more than one inch, but less than two inches. This condition has existed for more than fifteen years to the knowledge of the bank, but no one has been injured in using the side entrance, although people have daily used this entrance. The broken or cracked concrete is shown in numerous photographs which show the cracked area from different viewpoints. These photographs show that the cracked area is worn from use. Plaintiff was wearing a tight skirt and soft-soled ballet-type shoes when she stepped upon the concrete riser to use the side entrance of the bank. According to her testimony, when she placed her foot on the cracked area it hurt her foot so that "she gave to it" and she presumed her foot turned and slipped off the riser to the sidewalk. Her right knee hit the concrete and she fell to a sitting position on the sidewalk. She sustained a broken foot. She knew before she used the entrance that the concrete was cracked and she observed the cracked place at the time she stepped on it. She testified she was looking at the time she stepped upon the riser.
The opinion in the recent case of Stanley v. Morgan & Lindsay, 203 So.2d 473 (Miss. 1968) discussed the applicable rules of law governing the type of case now before the Court. Some of these rules are: (1) The owner of a business is not an insurer of the safety of its customers using its premises, including its entrances; (2) The owner of a business owes its invitees a duty to use reasonable care to maintain its premises, including entrances maintained by it, in reasonably safe condition for those using reasonable care for their own safety; and (3) the owner is not required to anticipate or foresee unusual and improbable results as a consequence of the condition of the premises. In our opinion the application of these rules to the facts of the case now before the Court resolves the case in favor of appellant. The photographs show that the cracks on the edge of the concrete riser are not unreasonably dangerous to a person using reasonable care for his own safety. If the plaintiff had placed her foot on top of the concrete riser, the only reasonable manner of using such a facility, no injury would have resulted. The bank was not required to foresee that plaintiff would attempt to step upon the entrance with a skirt too narrow to allow her to raise her foot to the top or that she would place her foot, not on top of the step, but on the edge while wearing shoes with soles so soft as to hurt her feet. Moreover, plaintiff already *467 knew the condition of the step and was looking at the defect when she stepped, and if there was danger in the manner in which she used the step, she knew it and chose the method of ascending the step and the place where she stepped.
In our opinion the plaintiff failed as a matter of law to offer evidence sufficient to take the case to the jury.
Reversed and rendered.
RODGERS, JONES, BRADY and INZER, JJ., concur.