ROBERTSON, Justice:
About 2 o’clock p. m. on January 14, 1967, while shopping in Defendant Jim L. Chow’s retail grocery store in Greenville, Mississippi, the Plaintiff, Mrs. Bessie W. Cook, slipped on some fresh pork sausage and fell, injuring herself. She brought suit for damages in the Circuit Court of Washington County. At the close of the testimony the court sustained the motion of the defendant for a directed verdict. Plaintiff assigns as error the action of the trial court in directing a verdict for the defendant.
Lucky Food Store No. 1 faces north on East Alexander Street. The open refrigerated meat display cases are located along the west wall of the store toward the rear. Across the rear of the store are located other open meat display cases, and behind these cases is an aisle utilized by the employees in replenishing the meat in these display cases. Back of the aisle is a partition four feet in height with two feet of open space and then a solid partition extending to the ceiling. Back of this partition is the meat cutting room equipped with a walk-in cooler and other equipment where the meat is cut, prepared, and packaged.
Plaintiff testified that she was walking from the front of the store to the rear down the next aisle over from the refrigerated meat display cases along the west wall. She was pushing a wire grocery cart. As she approached the aisle in front of the meat display cases across the rear of the store, she slipped on some fresh pork sausage and fell flat on her back, injuring herself.
The butcher, Ling Chee Chew, came over to help her and wiped some fresh sausage from her shoe. He testified that the sausage was still cold and that he wiped about two or three ounces from her shoe. There was no evidence of a broken package of sausage. The sausage is packaged in the cutting room back of the rear partition in cardboard trays in one and two-pound lots, each package being wrapped in cellophane.
Plaintiff testified that about two minutes before she fell she noticed a colored woman *522 walking from east to west along the aisle in front of the rear meat cases with a wire basket containing packaged sausage. She returned from the sausage display cases swinging the empty wire basket in her left hand, and walked about four feet from the plaintiff.
Another customer, Leonard McNamar, testified that he also had seen the colored woman with the packaged sausage in the wire basket. He saw her return from the westwall display cases swinging the empty wire basket in her left hand. Soon after that he saw Mrs. Cook, the plaintiff, slip and fall.
The owner of the store, Jim L. Chow, called as an adverse witness, testified that sometimes the employees used a tray and sometimes a wire basket like a bicycle basket in carrying packaged sausage to the display cases. He stated that after the plaintiff fell he saw fresh sausage mashed and smeared on the floor where she fell, that it was similar in color to the floor, and was smeared over a “pretty wide area.” The girls at the check-out counters did not recall checking out any broken packages.
The plaintiff vigorously contends that with this circumstantial evidence she was entitled to go to the jury under her theory of the case that a jury could reasonably infer that the colored woman seen carrying packaged sausage in an open wire basket to the display cases and then seen returning about four feet from the plaintiff while swinging the empty wire basket in her left hand was an employee of the store.
We agree that this circumstantial evidence presented a question for the jury to decide under proper instructions from the court as to the applicable law. The judgment of the trial court is reversed and the cause remanded for a new trial.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, JONES, BRADY, and INZER, JJ., concur.