William J. VANLANDINGHAM, individually and as Administrator of the Estate of Susan Jan Vanlandingham and Joyce Vanlandingham, Plaintiffs,

v.

FORD MOTOR COMPANY and the Firestone Tire & Rubber Company, jointly and severally, Defendants.

Civ. No. C81–995A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 25, 1983.

Larry K. Butler, Albany, Ga., for plaintiffs.

Burt DeRieux, Harold S. White, Jr., Teresa A. Dennon, Ben L. Weinberg, Jr., W. Antony Moss, Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

This products liability case is set for trial on this court's current trial calendar, which began February 7, 1983. The case was pretried for a second time, and the second pretrial order was signed on November 23, 1982, this case having been continued twice. At a status conference held February 7, 1983, the plaintiffs' counsel informed the court of three new motions filed on behalf of the plaintiffs: (1) a motion to extend the discovery time, (2) a motion to amend the pretrial order and (3) a motion to reconsider the grant of the defendants' motion for

partial summary judgment on the issue of pain and suffering.

■ In the motion for leave to amend the pretrial order, the plaintiffs request leave to delete paragraph 12 of the November 23, 1982, pretrial order and to substitute the correct amount of salary earned by the decedent at the time of the death. That amendment is allowed. The plaintiffs further request leave to add 18 new witnesses.[1] The plaintiffs' counsel does not specify if these witnesses are "will call" or "may call" witnesses and fails to give a satisfactory explanation why these witnesses are necessary. The only explanation given is that "certain errors are contained in the original pretrial order" and that "manifest and justice will result if the pretrial order is not amended." Those are not sufficient justifications to allow the addition of such a large number of witnesses on the eve of trial. Furthermore, there is no indication that the defendants have been made aware of these new witnesses or if they have had an opportunity to examine them. Without further explanation from the plaintiffs' counsel with respect to the necessity for these requested new witnesses and assurances that the defendants have been made aware of them, this proposed amendment is DENIED.

The plaintiff also requests an extension of discovery time until February 14, 1983. Since that request is now moot, it requires no determination by this court. There will be absolutely no further extensions of discovery in this case.

Finally, the plaintiff requests the court to reconsider the grant of the defendants' motion for partial summary judgment on the issue of pain and suffering. In that order, entered August 6, 1982, the court relied on numerous affidavits submitted by the defendants, all stating that the decedent was rendered unconscious immediately following the automobile accident which resulted in her death. Among those exhibits were sworn statements of police officers R.L. Hilton and R.N. Carawan, emergency medical technicians Wayne Cantrell, Eddie Hill, Ray Hawkins, and Lee Ann Woods, cardiac technician Michael Weiland, Charles Sherrod, the driver of the automobile which struck the decedent's automobile, and an excerpt from the deposition of Shirley Belcher, another witness to the accident. All witnesses stated that Ms. Vanlandingham was unconscious and exhibited no response to stimuli as she was being pulled from her automobile.

The court also relied on a lack of opposition with respect to this motion from the plaintiff. No brief was ever filed in response, and the motion was deemed unopposed pursuant to Local Rule 91.2. As this issue of pain and suffering appeared to be an extremely important element of the plaintiff's case, this court contacted plaintiff's counsel to assure itself of the apparent lack of opposition to the motion. The plaintiffs' counsel informed the court unequivocally that he had no opposition to the motion and would not be filing a brief in response.

■ The plaintiffs' motion to reconsider is essentially a motion to amend the pretrial order to add a cause of action already rejected by this court, a decision made at a time when the plaintiff did not oppose the summary judgment motion. Motions to amend pretrial orders are not granted except in extreme circumstances and only when the court is convinced that there is a good faith reason and need for the amendment.

The plaintiffs contend that there is newly discovered evidence that the decedent was conscious following the automobile accident and that the issue of pain and suffering should be submitted to the jury. In support of this contention, they submit affidavits of Shirley Belcher and R.N. Carawan. The affidavit of Officer Carawan adds only that Ms. Vanlandingham probably saw the oncoming vehicle prior to the collision, which is both conclusory and irrelevant to the

---

1. Lee Ann Woods was listed as a may call witness in the November 23, 1982, pretrial order and is not viewed here as an additional witness.

issue of any pain and suffering following the accident.

The plaintiffs also submit the affidavit of Shirley Belcher, who was driving the vehicle in front of the decedent and who previously testified at her deposition that she did not try to talk to Ms. Vanlandingham because she was unconscious and, in fact, dead. In her latest affidavit, Ms. Belcher claims that Ms. Vanlandingham was moving and trying to speak and "was conscious and obviously in tremendous pain."

■ In considering a motion for summary judgment, or a reconsideration of a grant of summary judgment, the general rule is that a district court must consider all the evidence before it and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition. *Kennett-Murray Corp. v. Bone,* 622 F.2d 887 (5th Cir.1980). The Fifth Circuit in *Kennett-Murray* did not, however, totally prohibit a district court from disregarding a witness's subsequent affidavit if it is inherently inconsistent with earlier testimony. The court in *Kennett-Murray* examined the Second and Ninth Circuits' approaches in *Perma Research & Development Co. v. Singer Co.,* 410 F.2d 572 (2d Cir.1969) and *Radobenko v. Automated Equipment Corp.,* 520 F.2d 540 (9th Cir.1975), both of which concluded that a district court could properly grant summary judgment where an issue raised by affidavit is clearly inconsistent with earlier deposition testimony. In *Perma Research,* the Second Circuit concluded that the district court properly granted summary judgment since the witness's statement in the affidavit was blatantly inconsistent with the earlier deposition and reasoned that "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." 410 F.2d at 578.

Similarly, in *Radobenko,* the Ninth Circuit excluded a party's affidavit which contradicted earlier statements in a deposition, acknowledging that although the statements in the affidavit were material, they could not create a genuine issue within the meaning of Fed.R.Civ.P. 56.

■ The Fifth Circuit did not expressly adopt or reject the principles espoused by the Second and Ninth Circuits but allowed the subsequent affidavit in the situation before it on the basis that the affidavit was not inherently inconsistent with the party's earlier testimony. Indeed, the court found that the alleged inconsistency created by the affidavit existed within the deposition itself. That is not the situation here. The deposition testimony and the subsequent affidavit given by Shirley Belcher are blatantly inconsistent; the affidavit is not merely "at odds" with her earlier deposition. Nor was her deposition testimony confused in any way; she unequivocally testified that Ms. Vanlandingham was unconscious after the accident. Since her affidavit is inherently and blatantly inconsistent with her prior deposition, it may not be used to create a fact in dispute. *Letson v. Liberty Mutual Insurance Co.,* 523 F.Supp. 1221 (N.D.Ga.1981). Although the plaintiffs' counsel claims that Ms. Belcher's testimony is newly discovered evidence, this witness was and has been available to counsel for all parties ever since the automobile accident in 1978. Ms. Belcher's deposition was first taken in 1981, and in it she unequivocally stated that Ms. Vanlandingham was unconscious and dead after the accident. In reviewing this deposition, the court notes that the plaintiffs' counsel did not cross-examine Ms. Belcher on this particular point or in any way attempt to show that Ms. Vanlandingham was conscious following the accident. A party may not sit on his rights hoping for a favorable ruling allowing him to bring forth evidence of which he was aware, or through the exercise of even minimal diligence would have discovered and in preparing his case should have discovered, especially after an unopposed motion with respect to the same issue. Accordingly, the motion to amend the pretrial order by adding the affidavit of Shirley Belcher is DENIED.

**4**

In sum, the plaintiff's motion to amend the pretrial order is GRANTED in part and DENIED in part; the plaintiff's motion to reconsider the grant of defendant's motion for partial summary judgment is DENIED; and the plaintiff's motion to extend discovery time is rendered MOOT. There will be no further extensions of discovery.