512 So.2d 1281 (1987)
KROGER, INC. and Delaware Center
v.
Maude WARE.
No. 57269.
Supreme Court of Mississippi.
September 23, 1987.
*1282 Robert W. Brumfield, Brumfield & Austin, McComb, for appellant.
John H. Ott, Guy, Whittington & Ott, Anne Winter Williams, Gillis, Gillis & Williams, McComb, for appellee.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, involving a slip and fall, comes to the Court from the Circuit Court of Pike County, where a jury awarded Mrs. Maude Ware $50,933.57. We reverse.
At approximately 11 a.m. on September 13, 1982, "a fair day or kind of cloudy," Ware, eighty-four years of age, fell as she walked toward her automobile, parked near the Kroger at Delaware Center in McComb. Ware had patronized the Kroger two or three times a week for several years. Ware testified that she was aware of the curb, six inches high and six inches wide, painted "traffic orange," located twelve feet from the sidewalk, and used to control parcel parking, but fell after she had lifted one foot over the curb.
Ware's injuries included skinned knees, a bruised right hip, and a broken left arm. At trial, Ware stated that she was unable to straighten her arm, had no strength in her arm or hand, and was no longer able to live alone. Dr. Thomas Jefcoat also testified that Ware had lost twenty degrees of motion in her arm.
The appellants contend that the trial judge erred when he denied their motion for a directed verdict. Specifically, they note that Ware was a frequent customer at the Kroger, that she was aware of the curb, that she was looking ahead as she walked, that she stepped across the curb with one foot, and that she fell as she attempted to step across the curb with the other foot. Ware then failed to show any negligence, other than her own.
Previously, the Court has found that a business entity owes an invitee or visitor the duty to exercise ordinary care, keeping the premises in a reasonably safe condition or warning of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss. 1986); Wilson v. Allday, 487 So.2d 793, 795 (Miss. 1986); Downs v. Corder, 377 So.2d 603, 605 (Miss. 1979). The owner or occupant then is not an insurer against all injuries. First National Bank of Vicksburg v. Cutrer, 214 So.2d 465, 466 (Miss. 1968); Daniels v. Morgan & Lindsey, Inc., 198 So.2d 579, 584 (Miss. 1967); Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss. 1966). In fact, there is no liability for injuries, where the condition is not dangerous, or where the condition is, or should be, known or obvious to the invitee. King v. Dudley, 286 So.2d 814, 816 (Miss. 1973); General Tire & Rubber Co. v. Darnell, 221 So.2d 104, 107 (Miss. 1969).
This action represents such a clear case, where Ware not only was aware of the curb, but also stepped over it with one foot before she fell. Cf. Cutrer, 214 So.2d at 466 (slip and fall, when ascending "concrete riser" to enter a bank: no liability), Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 477 (Miss. 1967) (slip and fall, when descending a sidewalk curb, painted yellow: no liability). Indeed, Ware encountered a condition, which was permanent, in place, known, and obvious  a factual setting bearing no resemblance to cases in which we have found a jury question to exist. Wilson, 487 So.2d at 798 (unseen pothole), Bell v. City of Bay St. Louis, 467 So.2d 657, 664 (Miss. 1985) (grass and debris), Cook v. Chow, 223 So.2d 521, 522 (Miss. 1969) (fresh pork sausage).
In J.C. Penney Co. v. Sumrall, 318 So.2d 829, 832 (Miss. 1975), the Court stated, "[T]here must be some evidence of negligence given a jury before it can determine that a defendant is guilty of negligence." Here, there was none.
REVERSED AND RENDERED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. *1283 LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.