Opal Foldes filed suit in the Circuit Court of Harrison County, Mississippi, against the Hancock Bank (Bank) seeking damages for personal injuries alleged to have been sustained on the Bank's property when she tripped/slipped and fell while making a deposit in the night depository box. At the completion of discovery, the lower court sustained the Bank's motion for summary judgment, and Mrs. Foldes has appealed to this Court.
 Facts
In April, 1984, appellant worked at the Holiday Inn in Biloxi as a night auditor. On April 12, she got off work at 7:00 a.m., and, having received her paycheck that morning, she stopped at the Mississippi City branch of the Hancock Bank to deposit her check in the night depository.
The night depository is situated on the side of the bank where customers can park directly in front of it, get out and make their deposits. Foldes parked, exited her car and walked toward the depository. There was a yellow curb several inches high which separates the parking lot and the area nearest the building. On the other side of the curb was a concrete slab which extends for about two (2) feet from the building towards the parking lot and was directly under the night depository. The concrete slab was about an inch and a half or two inches lower than the top of the curb. Between the curb and the concrete slab was about a two or three inch space where the slab did not quite meet the curb. Near the night deposit was a window unit air conditioner, which was running with water dripping onto the concrete slab. There was also "green stuff" or algae which had collected on the slab.
Appellant fell, claiming that the unsafe condition of the curb and walk caused her to trip/slip, and sustain personal injuries.
 Issue
The sole error assigned on this appeal is that the lower court erred in sustaining appellee's motion for summary judgment.
The principle is now elementary that, on motion for summary judgment, the evidence is viewed in the light most favorable to the non-movant and that party is given the benefit of every reasonable doubt as to whether or not a genuine issue of fact exists. If such occurs, then the motion for summary judgment must be denied. Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983).
In Clark v. Moore Memorial United Methodist Church,538 So.2d 760 (Miss. 1989), in discussing grants and denials of summary judgments, the Court said:
 This Court conducts de novo review of a lower court's grant of summary judgment. Pearl River County Bd. of Supervisors v. South East Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984). "The general standard that an appellate court applies in reviewing the grant or denial of a summary judgment motion is the same as that employed by the trial court initially under Rule 56(c)." *Page 321 
10 Wright, Miller and Kane Federal Practice and Procedure § 2716 (1983 and Supp. 1988).
 The law governing the grant or denial of a motion for summary judgment is familiar and well established. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988). In Dennis v. Searle, 457 So.2d 941 (Miss. 1984) we explained:
 The trial court must review carefully all of the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.
 457 So.2d at 944.
 In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of every reasonable doubt. Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986). Short v. Columbus Rubber and Gasket, 535 So.2d [61] at 63 [(Miss. 1988)].
538 So.2d at 762.
The record reflects interrogatories, depositions and answers thereto, and an affidavit executed by Foldes. The Bank contends that Foldes, in her affidavit in opposition to summary judgment, stated a different version of the facts, which contradicted that given in her deposition and argues that "where there is a discrepancy between facts in an affidavit and deposition testimony, the affidavit must explain such discrepancy." Millerv. A.H. Robbins Co., Inc., 766 F.2d 1102 (7th Cir. 1985);Camfield Tires Inc. v. Michelin Tire Corp., 719 F.2d 1361 (8th Cir. 1983). In Albertson v. T.J. Stevenson Co., Inc.,749 F.2d 223 (5th Cir. 1984) the Court of Appeals for the Fifth Circuit stated:
 Although the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists. Russell v. Harrison, 736 F.2d 283, 287 (5th Cir. 1984) Thus, the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony. Kennett-Murray Corp. v. Bone, 622 F.2d 887, 894 (5th Cir. 1980) See also Van T. Junkins Associates, Inc. v. U.S. Industries, Inc., 736 F.2d 656, 657 (11th Cir. 1984); Vanlandingham v. Ford Motor Co., 99 F.R.D. 1, 3 (N.D.Ga. 1983).
749 F.2d at 228.
The record reflects the following with reference to the issue:
(1) Interrogatory No. 2 submitted to Foldes and the answer dated June 21, 1985, follow:
 2. Describe with particularity the defect which you allege caused you to trip and fall.
 [Answer to No. 2]
 2. As you approach the particular night deposit area there is an air conditioner that has dripped on the area forming algae which is slippery and also there is a concrete slab which does not run all the way to the curb but leaves an approximate three inch gap between the slab and the yellow curb. Instead of having an area which is free of slippery substance and all of one level there are several levels in the area: that being the curb which is the highest level, the dirt strip approximately three inches wide being the lowest level and then a concrete pad next to the brick wall being the level in between; all of which contributed or caused the fall.
(2) On April 14, 1986, Foldes' deposition was taken. The following questions were submitted to Foldes, and answers given:
 Q. So on the 12th of April, 1984, you had gotten your check, and you were going to make a deposit at the night depository? *Page 322 
 A. Yes.
 Q. Tell me what you did.
 A. I parked my car a little to the side of in front of the depository, got out of the car. I stepped up over the curb, put my deposit in, and turned around to step down; not realizing that I had to step up again because there was a difference in the level of the curb and the concrete where I was standing. Also, there was about a three inch space of dirt and gravel between the curb and the concrete. Instead of stepping up, I was going to step down, and it just flipped me completely over. The concrete was wet. There seemed to be algae on the concrete from the air conditioner.
(3) On December 3, 1987, Foldes executed an affidavit in opposition to the motion for summary judgment, part of which follows:
 As I stated in my deposition, there was water on the concrete in front of the night deposit box which had turned to a slippery algae showing that it had been there accumulating a long period of time. As I turned around to leave the area, my foot slipped and I caught my foot in the space of about three inches between the concrete pad and the yellow curb line. This caused me to trip and be catapulted onto the pavement which was asphalt out in the parking lot area. I was not familiar with the premises in this area since this was the first time that I had made a night deposit at this branch of the Hancock Bank. . ..
It is obvious the interrogatories, deposition and affidavit relied upon by Foldes in opposition to the motion for summary judgment are not contradictory, but, considered together, are sufficient to require denial of the motion for summary judgment.
The Bank cites and relies upon Kroger, Inc. v. Ware,512 So.2d 1281 (Miss. 1987), for the proposition that the condition at the Bank was open and obvious and that summary judgment for the Bank was required. However, the element of a defective air conditioner and slippery and dangerous algae on the walk was absent from the Kroger case and distinguishes it from the case at bar. We are of the opinion that, upon the record before us, the motion for summary judgment should have been denied and the full facts should have been developed in a trial on the merits. Therefore, the judgment of the lower court is reversed and the cause is remanded for trial.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.
ANDERSON, J., not participating.