# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00732-SCT

*HARRY M. YOSTE, SR.*

*v.*

*WAL-MART STORES, INC.*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 2/29/2000 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHARLES T. YOSTE |
| | HARRY M. YOSTE, JR. |
| | JOHN W. CHRISTOPHER |
| ATTORNEY FOR APPELLEE: | EDLEY H. JONES, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED -07/25/2002 |
| MOTION FOR REHEARING FILED: | 05/16/2002 |
| MANDATE ISSUED: | 8/15/2002 |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is denied. The original opinions are withdrawn, and these opinions are substituted therefor.

¶2. Harry M. Yoste, Sr. appeals to this Court from a jury verdict in favor of Wal-Mart Stores, Inc. rendered in the Circuit Court of Madison County involving a slip and fall.

¶3. We hold that Yoste failed to present sufficient evidence to meet his required burden of proof as to causation of his trip and fall. Accordingly, we affirm the trial court.

## FACTS

¶4. This case involves a trip and fall which occurred in the parking lot of the Wal-Mart store on Wheatley Street in Ridgeland, Mississippi. The plaintiff, Harry M. Yoste, Sr., alleged that as he approached the Wal-Mart store in Ridgeland on February 17, 1998, he tripped and fell on uneven pavement in the parking lot, sustaining injuries. Yoste brought the current action against Wal-Mart Stores, Inc., alleging that Wal-Mart negligently maintained its parking lot.

¶5. The case was tried before a jury in the Circuit Court of Madison County, Circuit Judge Samac S. Richardson, presiding. The jury returned a verdict in favor of Wal-Mart, and judgment was entered on the verdict on February 29, 2000. The trial court subsequently denied Yoste's Motion for Judgment Notwithstanding the Verdict, and, in the Alternative, for New Trial. Yoste timely appealed to this Court, raising two assignments of error:

> **I. WHETHER THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE OF PREVIOUS ACCIDENTS.**
>
> **II. WHETHER THE TRIAL COURT ERRED BY ALLOWING INTO EVIDENCE PHOTOGRAPHS OF OTHER LOCATIONS.**

## DISCUSSION

> **I. WHETHER THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE OF PREVIOUS ACCIDENTS.**

¶6. At trial, Yoste proffered the testimony of two Wal-Mart patrons who also fell in the Wal-Mart parking lot. Marie Banes testified that four months prior to Yoste's fall, she tripped on uneven pavement and fell in the Wal-Mart parking lot. She testified that she reported her fall to Wal-Mart employees. Margaret Thomas stated that less than one month prior to Yoste's fall, she tripped on uneven pavement and fell in the parking lot. Both Banes's fall and Thomas's fall occurred approximately 60-80 feet from where Yoste fell. Yoste argues that this evidence was admissible for the purpose of showing that Wal-Mart had notice of the allegedly hazardous condition in its parking lot.

¶7. The standard of review regarding the admission or exclusion of evidence is abuse of discretion. ***Tatum v. Barrentine***, 797 So. 2d 223, 230 (Miss. 2001) (citing ***Thompson Mach. Commerce Corp. v. Wallace***, 687 So. 2d 149, 152 (Miss. 1997)). The trial court held that the proferred testimony was inadmissible for the purpose of showing that Wal-Mart had notice of the allegedly hazardous condition in its parking lot. We find that the trial court was well within its discretion in excluding this evidence.

¶8. Evidence of prior accidents may be used to show two things - the existence of a dangerous condition and the defendant's notice or knowledge thereof. ***Parmes v. Illinois Cent. Gulf R.R.***, 440 So. 2d 261, 264 (Miss. 1983) (citing ***Illinois Cen. R.R. v. Williams***, 242 Miss. 586, 605-06, 135 So. 2d 831, 839 (1961)). In the case sub judice, Yoste was attempting to prove that Wal-Mart had notice of the allegedly dangerous condition, the uneven pavement. Evidence of prior accidents, however, is admissible only upon a showing of substantial similarity of conditions. ***Id.***

¶9. Even disregarding the fact that the prior accidents did not occur in close physical proximity to that at issue, it is clear from the record that Yoste failed to establish a sufficient factual basis regarding his own claim to enable the trial court to compare the facts of the other accidents to establish that they were, in fact, similar. The only similarity between the prior accidents and that of Yoste was that Yoste, Banes, and

Thomas tripped and fell in the Wal-Mart parking lot. Yoste's own testimony indicates, though he claimed in this action that he tripped on uneven pavement in the parking lot, that he does not, in fact, know what caused him to fall. Yoste testified that he did not look down at the parking lot just before his fall and that, after he fell, he did not look back to examine the ground to determine what had caused him to fall. It was Yoste's impression, which he conveyed to family members, that he stepped in a pothole. In a recorded statement given several months after the alleged incident, Yoste stated that he had no idea what he tripped on. Though he claims in this action that he tripped on an unlevel portion of the parking lot, he admitted at trial that it was possible that he tripped on debris. Yoste simply did not submit evidence of his own fall to enable the trial court to find that the prior accidents were substantially similar.

¶10. The admission of the prior accidents, of questionable probative value in light of the fact that the accidents did not occur in the near vicinity of Yoste's fall, was exceedingly likely to prejudice the defense particularly in light of Yoste's failure to establish what caused him to fall. The danger existed that the jury would take the evidence that other falls were caused by uneven pavement as evidence that Yoste had in fact established that he, likewise, tripped on uneven pavement. Rule 403 of the Mississippi Rules of Evidence permits the exclusion of relevant evidence where its probative value, tenuous in light of the lack of physical proximity as well as Yoste's failure to establish causation, is substantially outweighed by its tendency to mislead, confuse or prejudice the jury. The trial court did not abuse its discretion in excluding the evidence of prior accidents.

## II. WHETHER THE TRIAL COURT ERRED BY ALLOWING INTO EVIDENCE PHOTOGRAPHS OF OTHER LOCATIONS.

¶11. Yoste also argues that the trial court erred in admitting numerous photographs of arguably similar defects in concrete surfaces, not only from areas in the vicinity of the Wal-Mart location, but from around the state as well. The pictures included parking lots near Wal-Mart as well as sidewalks at Mississippi State University and the parking lot at the office of Yoste's counsel. Yoste complains that these photographs were irrelevant and highly prejudicial.

¶12. Wal-Mart contends that the photographs were properly admitted on cross-examination of Yoste's safety expert, A.K. Rosenhan. It was Rosenhan's testimony that the unlevel concrete in the parking lot constituted a "dangerous condition." Wal-Mart argues that Rosenhan failed to base this opinion on any calculations or recognized methodologies. Wal-Mart asserts that the photographs were relevant to show "what members of the populous normally encounter in their day-to-day activities as they go about their business in the world" and to establish "that such conditions are indeed acts of nature occurring everywhere Yoste might visit." Wal-Mart states that "[o]nly by reference to the other parking lots and sidewalks could a jury decide for itself whether or not to accept or reject [Rosenhan's opinion]."

¶13. Wal-Mart's argument is tenuous. It raises issues more relevant to Rosenhan's qualifications as an expert and the admissibility of Rosenhan's testimony in general, rather than the admissibility of the photographs in question. However, even assuming the trial court erred in admitting these photographs, we find no reversible error. As stated previously, though Yoste claims in this action that he tripped on uneven pavement in Wal-Mart's parking lot, he does not, in fact, know what caused him to fall. Yoste did not look down at the parking lot just before his fall and he did not look back to examine the ground to determine what had caused him to fall. Yoste told family members that he stepped in a pothole. In a recorded statement given several months after the alleged incident, Yoste stated that he had no idea what he tripped

on. Yoste admitted at trial that it was possible that he tripped on debris. We find that any harm done to Yoste via admission of these photos is minimal at worst. We find that even if the photographs had not been admitted, considering Yoste's conflicting statements, it is extremely unlikely that the jury would have concluded any differently.

## CONCLUSION

¶14. For these reasons, the judgment in favor of Wal-Mart is affirmed.

¶15. **AFFIRMED.**

**WALLER, COBB AND CARLSON, JJ., CONCUR. PITTMAN, C.J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., AND GRAVES, J. DIAZ, J., NOT PARTICIPATING.**

**EASLEY, JUSTICE, DISSENTING:**

¶16. I respectfully dissent from the majority's conclusion that the trial court did not err in excluding the evidence of the previous accidents that occurred within the same parking lot. At trial, Yoste proffered testimony from Banes and Thomas to prove that Wal-Mart had notice of the dangerous condition of its parking lot. Both ladies were patrons of the Wal-Mart in Ridgeland, Mississippi. This was the same Wal-Mart where Yoste allegedly tripped on February 17, 1998. Banes tripped and fell on October 26, 1997, and Thomas tripped and fell on January 25, 1998. Both testified that they tripped and fell on concrete that was raised higher than the other concrete. Both of their falls occurred within less than six months prior to Yoste's alleged fall on February 17, 1998. Banes testified that she reported the incident with Wal-Mart employees immediately after the incident, and she received calls from Wal-Mart's corporate office concerning her injuries. The testimony of Banes and Thomas established that they both tripped and fell in the same area of the Wal-Mart parking lot. The trial court determined the area of the Wal-Mart parking lot where Yoste fell was some 60 feet south of the area where Banes and Thomas fell.

¶17. In a trip and fall case, the plaintiff must prove either that the defendant created the dangerous condition, or that the defendant has actual knowledge of the dangerous condition, or that the defendant had constructive knowledge or notice of the condition. *Downs v. Choo*, 656 So.2d 84, 86 (Miss. 1995); *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992). This Court stated that the owner or operator of a business still owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in reasonably safe condition or warn of dangerous condition not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care. *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So.2d 293, 295 (Miss. 1988). An invitee is still required to use for his own safety that degree of care and prudence which a person of ordinary intelligence would exercise in similar circumstances. *Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1350 (Miss. 1995).

¶18. Wal-Mart argues that the duty of the owner of a parking lot or sidewalk should follow a separate line of cases which acknowledge two fundamental distinctions. First, the conditions are considered permanent, and second, the conditions are those which members of the populous expect to encounter when they walk on a sidewalk or in a parking lot and can easily be avoided.

¶19. In *Stanley v. Morgan Lindsey, Inc.*, 203 So.2d 473, 476 (Miss. 1967), this Court stated that the owner of a business is not liable for injuries sustained by customers in parking lots or on sidewalks where

the conditions that caused the incident were not dangerous or which are or should be known or obvious to the customer. This Court held in *First Nat'l Bank v. Cutrer*, 214 So.2d 465, 466 (Miss. 1968), that the cracks on the edge of the concrete riser were not unreasonably dangerous to a person using reasonable care for her own safety. There the customer had sued the bank because the concrete had cracked off about 3 - 3 ½ inches vertically and had a depth of less than two inches causing her accident. *Id*.

¶20. This Court in *Tharp v. Bunge Corp.*, 641 So.2d 20, 25 (Miss. 1994), stated the following, "[w]e now abolish the so-called 'open and obvious' defense and apply our true comparative negligence doctrine." The party that is in the best position to eliminate a dangerous condition should be burdened by that responsibility. *Id*. The Court stated, "[i]f a dangerous condition is obvious to the plaintiff, then surely it is obvious to the defendant as well. The defendant, accordingly, should alleviate the danger." *Id*. The Court should discourage unreasonably dangerous conditions and not help foster them in obvious forms. *Id*.

¶21. Here, the two witnesses testified that they had both tripped and fell over the raised concrete in the parking lot. Wal-Mart had knowledge that the raised concrete was likely to cause an accident. It is clear that Wal-Mart was in the best position to know that there was a problem with the concrete in the parking lot. More than one person had fallen in similar circumstances in that parking lot at Wal-Mart.

¶22. The court in *Lincecum v. Missouri Pac. R.R.*, 452 So.2d 1182, 1188 (La. Ct. App. 1984), required that to allow the admission of evidence of prior accidents there be a showing by the party offering such evidence that the accidents were so closely related in circumstances to the injury or hazard at issue as to be admissible for the purpose of showing notice. The admissibility of the testimony regarding the prior accidents is for the limited purpose of showing that the defendant had notice of dangerous defects or physical conditions. *Id*.

¶23. The trial court in the case sub judice held that the prior two accidents at the same Wal-Mart were too remote and would be more prejudicial than probative to allow their testimony. The trial court made its ruling on a pretrial motion before the testimony of the plaintiff, Yoste, had been heard by the court. The trial court stated the point of the prior accidents was at least 80 feet apart from where Yoste alleged he fell. In my opinion, the fact that the prior accident occurred in the same parking lot less than six months earlier shows that the prior accidents were closely related in circumstances. The trial court's reasoning for denying the admission of evidence of the prior accidents only because the alleged accident and the prior accident sites were within the same parking lot and separated by less than 80 feet is incorrect.

¶24. At trial, Yoste testified that he did not look down at the parking lot just before his fall nor did he look back to examine the ground to determine what caused him to fall. Yoste stated he told family members that he thought he stepped in a pothole. Yoste further stated that even though he alleged that he tripped on an unlevel portion of the parking lot in his lawsuit, he could not say what exactly caused him to fall. He also admitted that it was possible that some debris in the parking lot could have been what caused him to fall. Yoste testified that in a recorded statement to Wal-Mart after the accident some five or six months later, he stated that the unlevel area of the concrete was quarter of an inch or a half inch.

¶25. While Yoste's own testimony is damaging to his case, there exists a basis under this issue to reverse the trial court's decision or remand for rehearing. The trial court's ruling on the two witnesses was made on pretrial motions. The trial court's decision not to allow testimony of the two witnesses, who had prior falls at the same Wal-Mart less than 6 months before Yoste, was reversible error. I respectfully submit that the trial court abused its discretion in ruling that evidence of the accidents were too remote and prejudicial to be

admitted.

¶26. I further disagree with the majority's opinion that the trial court did not err in allowing Wal-Mart to introduce photographs of parking lots and sidewalks from various locations around the State, including Ridgeland and Starkville, that were not even Wal-Mart parking lots. The photographs were admitted as Defendant's exhibit, D-4 and D 10-16. The trial court admitted the photographs over Yoste's objection as being not relevant and highly prejudicial. The photographs had been taken by the law clerk for Wal-Mart's attorney.

¶27. Wal-Mart asserted that the photographs were being used only to cross-examine Yoste's expert witness. Wal-Mart also cited *City of Laurel v. Upton*, 253 Miss. 380, 393, 175 So.2d 621, 625 (1965), quoting as follows: "[i]n every case where an expert witness is allowed to express an opinion such witness is subject to cross-examination as to the basis of his opinion." There is no dispute that a party is allowed to cross-examine an expert witness who expressed an opinion at trial. However, the purpose of the photographs was to establish through the expert witness that various parking lots and sidewalks had no more unlevel concrete than the one at Wal-Mart, which Yoste claimed to have tripped over and fallen. In *American Potash & Chem. Corp. v. Nevins*, 249 Miss. 450, 163 So.2d 224, 227 (1964), the Court stated that evidence to prove a collateral fact is relevant if the collateral fact has a tendency to prove or disprove an issue in the case.

¶28. In *Jones v. Jitney Jungle Stores of Am., Inc.*, 730 So.2d 555, 557 (Miss. 1998), the plaintiff tried to prove the unsafe condition of the parking lot by comparing the parking lot to other parking lots also maintained by Jitney Jungle that were in better condition. In the case sub judice, Wal-Mart claims that it did not use the photographs to advance the same purpose as shown in *Jones.* In the case at bar, the admission of the photographs of parking lots and sidewalks from various stores was completely unrelated to the parking lot at Wal-Mart and completely unrelated to the issue of the alleged trip and fall at that specific Wal-Mart store. I submit that the photographs admitted into evidence were not relevant and only provided unnecessary information for the jury.

¶29. In my opinion, the photographs were not relevant and should not have been admitted. Rule 401 of Mississippi Rules of Evidence states: "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence." Rule 403 of Mississippi Rules of Evidence provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The photographs were not relevant and should have been excluded from evidence. Further, the admission of the photographs constituted reversible error to the outcome of the case sub judice due to the unfair prejudice and the extreme likelihood that the jury would be mislead or confused by the totally irrelevant photographs. Therefore, the admission of the photographs rose to the level to justify reversal of the trial court judgment.

¶30. For the foregoing reasons, I would reverse and remand for a new trial.

**McRAE, P.J., AND GRAVES, J., JOIN THIS OPINION.**