ROBERTS, J.,
for the Court.
¶ 1. Frank Huguley and his wife, Sheila, appeal from the decision of the Harrison County Circuit Court granting summary judgment for Imperial Palace of Mississippi, Inc. Huguley, accompanied by his sister, Elizabeth Dale, slipped and fell on his way to his ear in the casino’s parking lot.
¶ 2. On appeal, the Huguleys raise these issues:
(1)The circuit court committed manifest error when it disregarded facts contained in both the deposition testimony and the affidavit of Mrs. Dale, a witness to the accident.
(2) The circuit court committed manifest error when it found that Mrs. Dale's affidavit was a change in testimony and therefore was disregarded.
(3) The circuit court committed reversible error when it granted a motion for summary judgment on behalf of the ap-pellee given the existence of material facts in dispute, existing in this case.
¶ 3. We find no error and affirm.
FACTS
¶ 4. On August 18, 2001, Frank Huguley along with his wife, Shelia Huguley, and his sister, Elizabeth Dale, were visiting the Imperial Palace Casino in Biloxi, Mississippi. Mr. Huguley and his sister left the casino and were on their way to his car which was parked in the parking garage between the third and fourth floor. Mr. Huguley and Mrs. Dale exited the elevator on the fourth floor of the garage and walked in a downward sloping direction toward the car. It had been raining that day. Mrs. Dale was walking ahead of Mr. Huguley when he fell, striking his head on the concrete ramp.
¶ 5. Mr. Huguley was taken to the Biloxi Regional Medical Center where he was diagnosed with a subarachnoid hemorrage of the brain. Mr. Huguley developed a concessive brain injury with post-concussion syndrome and lost his sense of smell and taste and developed memory problems.
¶ 6. Both Mr. Huguley and Mrs. Dale gave deposition testimony concerning the accident. For the most part, Mr. Huguley remembered nothing of the incident. Mrs. Dale testified numerous times during her deposition that she saw a “sheen” on the cement surface of the parking garage where Mr. Huguley slipped. She also testified that the ramp was “very slippery.” Neither of them was able to identify anything else which could have caused the fall. *1280 Neither saw any oil or grease in the area where the fall occurred.
DISCUSSION
¶ 7. Mississippi Rule of Civil Procedure 56(c) states that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R.C.P. 56(c).
¶ 8. In considering whether a motion for summary judgment is appropriate, the court should review all the evidence in the light most favorable to the non-moving party, including admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993). Any doubt has to whether there is a genuine issue of material fact should be resolved in favor of the non-moving party. Mantachie Natural Gas v. Mississippi Valley Gas Company, 594 So.2d 1170, 1172 (Miss.1992). The party seeking summary judgment has the burden of persuading the court that there are no material issues and that they are entitled to summary judgment as a matter of law. Daniels, 629 So.2d at 600.
¶ 9. Once a motion for summary judgment has been made, the non-moving party may not rely solely on the allegations or denials of the pleadings, the response must set forth specific facts showing that a genuine issue exists for trial. Corey v. Skelton, 834 So.2d 681, 684(¶7) (Miss.2003). The motion for summary judgment may not be defeated by general allegations or unsupported speculation or denials of material fact. Adams v. Cinemark USA Inc., 831 So.2d 1156, 1161(¶ 19) (Miss.2002).
¶ 10. More specifically, for the plaintiff to recover in a slip and fall case in Mississippi, he must “(1) show that negligent act of the defendant cause his injury; or, (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.” Downs v. Choo, 656 So.2d 84, 86 (Miss.1995).
¶ 11. Neither the plaintiff nor Mrs. Dale offered any testimony that the “oil-like residue” referred to in the complaint was placed there by an employee of Imperial Palace or caused to be placed there by any negligent act of an employee of Imperial Palace. In fact, there was no testimony of any “oil-like” substance on the parking garage floor. There was no testimony showing how long the “residue” or “sheen” had been on the parking garage floor or that Imperial Palace or its employees had actual knowledge of its presence or should have been aware of it. Also, there was no testimony to show that Imperial Palace should have had constructive knowledge of a dangerous situation. In fact, the plaintiffs produced no evidence connecting Imperial Palace with the slip and fall at all.

Mrs. Dale’s Testimony and Affidavit

¶ 12. The appellants’ first two issues concern whether the court properly considered the deposition testimony and affidavit of Mr. Huguley’s sister, Mrs. Dale. At least twelve times, according to the appellants, Mrs. Dale testified that she saw a “sheen” on the cement surface of the garage ramp where Mr. Huguley fell. Specifically, Mrs. Dale testified:
Defense counsel: So as far — would I correct to just say, to try to make it clear, that you didn’t observe any grease or car oil or anything like that in the area where he fell?
Mrs. Dale: All I know, it was very wet and slip — slippery.
*1281 Defense counsel: Okay.
Mrs. Dale: That’s all I can say.
Defense counsel: Okay. Let me ask my question again. Did you see any oil or grease in the area where your brother fell while you were standing there? Oil or grease?
Mrs. Dale: Did I — where he was?
Defense counsel: Yeah, where he was.
Mrs. Dale: I didn’t have my mind on— on that, you know
Defense counsel: Okay. So—
Mrs. Dale: I noticed it was a sheen on the material of the concrete, you know.
Defense counsel: Okay. So my question was: Since you didn’t notice, would it be right to say that you did not notice any oil or grease on the floor where he fell?
Mrs. Dale: I did not notice because my mind was on him.
¶ 13. In the affidavit produced in response to the motion for rehearing, Mrs. Dale stated that she did not observe any oily water in the area in which Mr. Hugu-ley fell. In her deposition testimony, she had stated that she did not notice any oil or grease in the area. The court felt that this was an unexplained change in testimony, but not sufficient to defeat summary judgment, citing Foldes v. Hancock Bank, 554 So.2d 319, 321 (Miss.1989). For whatever reason, this variation in testimony does not show that the trial court disregarded the testimony of Mrs. Dale. As set out in the court’s findings, the testimony of Mrs. Dale in either form failed to show a material factual dispute such that summary judgment was not correct.
¶ 14. Merely proving that an accident occurred on a business premise is not sufficient to prove liability or by itself prove that a dangerous condition existed at the time of the accident. Robinson v. Ratliff, 757 So.2d 1098, 1101(¶ 10) (Miss.Ct.App.2000). There must be proof that the business was negligent. Here there is no proof that Imperial Palace was in any way negligent. The testimonies of Mr. Huguley and Mrs. Dale cannot and do not show what caused Mr. Huguley to fall or any negligence on the part of Imperial Palace in the maintenance of construction of the parking garage.
¶ 15. We find that the court properly granted summary judgment.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.