COLEMAN, JUSTICE,
DISSENTING:
¶ 24. Unlike the majority opinion above, I am unable to locate a genuine issue of material fact that warrants our reversal of summary judgment granted in favor of Baptist. The only evidence Vivians offers in support of his negligence claim are the prior and subsequent accident reports involving slip-and-fall incidents on the therapy pool steps, but, even taking the evidence in a light most favorable to Vivians, he has proven the existence of nothing more than steps and a pool. Accordingly and with respect, I would affirm.
¶ 25. Due to Vivians’s status as an invitee, Baptist owed him a duty to keep its premises reasonably safe, and when not reasonably safe, a duty to warn only where there is hidden danger that is not in plain view. Mayfield v. The Hairbender, 903 So.2d 733, 737-38 (¶ 20) (Miss. 2005). Recovery for a slip and fall under premises liability requires more than proof of falling. Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss. 1966). In Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992), the Court explained:
[F]or a plaintiff to recover in a slip-and-fall case, he must show the proprietor had actual knowledge of a dangerous condition, or the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, or the dangerous condition was created through a negligent act of a store’s proprietor or his employees.
Thus, in order to recover, Vivians must show that a dangerous condition existed and then, that Baptist had actual or constructive knowledge of the dangerous condition or that Baptist, through its employees, created the dangerous condition. I submit that Vivians, even with the accident reports, has failed to show that a dangerous condition existed at all because I am unwilling to find that pool steps are inherently a dangerous condition.
¶ 26. In Tate v. Southern Jitney Jungle Co., 650 So.2d 1347, 1351 (Miss. 1995), the Court reversed a trial court’s judgment granting a directed verdict in favor of Jitney Jungle. Tate injured her knee on a piece of metal on the deli counter, and the trial court granted a directed verdict in Jitney Jungle’s favor because the deli counter was open and obvious.[4] The Court explained that its decision to reverse was because the deli counter’s defect was not a “danger[ ] which [is] usual and which customers normally expect to encounter on business premises, such as thresholds, curbs, and steps.” Id. (emphasis added). Again, in Fulton v. Robinson Industries, 664 So.2d 170, 174-5 (Miss. 1995) (citing Tate, 650 So.2d at 1351), the Court stated: “This Court has recently reamplified this line of thinking by acknowledging that there is a difference between dangers which are “usual and which customers nor *311 mally expect to encounter on the business premises [and] claimed physical defect[s] on the defendant’s premises ... which may be found to be unusual and unreasonably dangerous.” The Fifth Circuit applied Tate in its 2009 opinion Wood v. RIH Acquisitions MS II, LLC, 556 F.3d 274, 282 (5th Cir. 2009), in which it held that “the Tate concept of usual and normally expected hazards has for over a decade been applied on summary judgments in federal courts when considering Mississippi premises liability!;] we do not suggest a change to that practice. At least those hazards that are similar to undamaged thresholds, curbs, and steps, which are common architectural features for buildings and parking lots .... ” As discussed above, all Vivians has done is prove that there are steps leading into Baptist’s therapy pool. He has not claimed that the steps were unreasonably slippery; that the steps were cracked, crumbling, or in any state of disrepair; that the steps were improperly designed or built; that he slipped on an unknown object; or any other reason to explain his fall. I find persuasive the following language from a unanimous Mississippi Court of Appeals in Huguley v. Imperial Palace of Mississippi, Inc., 930 So.2d 1278 (Miss. Ct. App. 2006):
Merely proving that an accident occurred on a business premise is not sufficient to prove liability or by itself prove that a dangerous condition existed at the time of the accident. There must be proof that the business was negligent. Here there is no proof that Imperial Palace was in any way negligent. The testimonies of Mr. Huguley and Mrs. Dale cannot and do not show what caused Mr. Huguley to fall or any negligence on the part of Imperial Palace in the maintenance of construction of the parking garage.
Id. at 1281 (¶ 14) (citations omitted). Simply, he slipped on what appear to be, based on the record before us, normal pool steps, and I cannot fathom where the Court would find that steps, by themselves, are a dangerous condition.
¶ 27. Presiding Justice Dickinson, in his specially concurring opinion, offers an extreme hypothetical, positing that if thousands of accidents happened on the same set of steps, surely a premises owner would take corrective action. Leaving aside that, like Vivians, Presiding Justice Dickinson offers no description of the dangerous condition that underlies his thousands of accidents (or what his hypothetical premises-owner can do to correct it);[5] in the end his hypothetical illustrates the deleterious effect of today’s result. Absent evidence identifying the dangerous condition at issue, how many accidents is enough? Presiding Justice Dickinson suggests thousands, but why not one hundred or, for that matter two? Pursuant to today’s majority, one who owns a perfectly safe building may well face litigation that goes to a jury for no better reason than two people fell in the same place within a certain period of time — despite the complete absence of any proof of an actual dangerous condition. The hapless premises owner would face attorneys’ fees, possible settlement or trial expenses,, and the headache of litigation, despite there being nothing wrong with the premises at all. Today, the majority effectively changes Mississippi law such that, instead of plaintiffs being required to provide evidence of a dangerous condition to make a prima facie case soundipg in premises liability, they need prove only (a yet-to-be determined number of) other accidents. Such has never been *312 Mississippi’s premises liability law, and we should refrain from making it so today.
¶ 28. Therefore, I would affirm the trial court’s grant of- summary judgment in far vor of Baptist because there is no genuine issue of material fact that a dangerous condition existed at all.
MAXWELL, J., JOINS' THIS OPINION. .

. The opinion noted the change in our jurisprudence of “open and obvious” not being an absolutely defense to liability based on Tharp v. Bunge Corp., 641 So.2d 20 (Miss. 1994). Tate, 650 So.2d at 1351.

. The stage for Presiding Justice Dickinson’s hypothetical could as well be a well-lit, wide, perfectly level hallway with no dangerous condition whatsoever as the pool involved in the case sub judice'.