# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2022

Lyle W. Cayce
Clerk

No. 20-60992

Hattie Young,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

BL Development Corporation, *doing business as Harrah's Casino Tunica and Veranda Hotel*,

*Defendant—Appellee/Cross-Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CV-034-NBB-RP

Before Dennis, Higginson, and Costa, *Circuit Judges*.

Per Curiam:*

Hattie Young injured her shoulder when a bathmat slipped beneath her in a hotel tub. She appeals the district court's grant of summary judgment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60992

for the hotel.  Because the evidence cannot support a finding that the hotel created an unreasonably dangerous condition, we AFFIRM.

I

The day after Young and her husband checked into their room at the Veranda Hotel in Robinsonville, Mississippi, they noticed that a rubber bathmat had been placed inside the bathtub.  The mat "[l]ooked fine," so Young turned on the shower and stepped in.  But when she placed her second foot on the mat, the mat slid "all the way to the front . . . where the water drain[s] out," causing her to fall.  After her fall, Young discovered that the mat had suction cups on the bottom.  She had not checked before stepping into the shower to see if the cups were attached to the tub floor but argues that they must not have been.

Young filed this premises liability action against the operator of the hotel.  She alleges that she fell because hotel staff placed the mat in her tub without ensuring that it was properly suctioned.  She does not contend that the mat itself was defective.  The district court granted summary judgment for the defendant, concluding that Young failed to present any evidence of the hotel's negligence.

Young timely appealed.  The hotel filed a protective cross-appeal, asking this court to dismiss the action as time-barred and, in the alternative, to admit the testimony of a former Veranda housekeeping manager named Monica Fuess, which the district court excluded for lack of personal knowledge.

No. 20-60992

## II

We review the district court's grant of summary judgment de novo and will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In doing so, we take all facts in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Mississippi law governs Young's negligence claim. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). As a hotel guest, Young was a business invitee, and the hotel owed her a duty of reasonable care. *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008). Although business owners are "not an insurer of the safety of invitees," they must maintain their premises in a reasonably safe condition. *Id.* An injured invitee can prove a breach of that duty by "(1) show[ing] that some negligent act of the defendant caused his injury; or (2) show[ing] that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show[ing] that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant." *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000).

Young relies on the first theory of direct negligence: She maintains that hotel staff created an unreasonable hazard by placing a mat with hidden suction cups in her tub without ensuring that the cups were suctioned to the tub floor.

Young's claim faces difficulties from the start because she did not offer any proof of what caused her fall.[1] We can only speculate about whether

---

[1] The hotel offered testimony that it would be a "mistake" for a bathmat to already be inside the tub when Young arrived at her room because hotel policy was to clean the bathmats, roll them up, and place them atop the toilet between guests. For some reason,

and how hotel staff tried to secure the mat in her tub. It is possible that, as Young claims, housekeeping failed to suction the mat. It is also possible that housekeeping did secure the suction cups, but they came loose later. But even granting Young the inference that staff never secured the mat, the evidence does not support a conclusion that the placement of the mat in the tub created a dangerous condition.

Objects which "are usual and which customers normally expect to encounter on the business premises" are generally not unreasonably dangerous. *Tate v. S. Jitney Jungle Co.*, 650 So. 2d 1347, 1351 (Miss. 1995). Just as customers expect to find doorways and curbs near business entrances, they expect to find mats in and near hotel bathtubs. *See McGovern v. Scarborough*, 566 So. 2d 1225, 1228 (Miss. 1990) (finding an "open and obvious" doorway not a dangerous condition); *Kroger, Inc. v. Ware*, 512 So. 2d 1281, 1282 (Miss. 1987) (same for "in place, known, and obvious" curb). Young acknowledged that she had encountered mats in hotel bathrooms before and specifically stated that she noticed this mat prior to her fall.

A hidden danger can create a jury question about an object's dangerousness, but only when the condition is not one that a person "would normally encounter," like a jagged edge underneath a deli counter. *Tate*, 650 So. 2d at 1351. That does not characterize bathmats, which are often secured with suction cups and which can easily loosen for a number of reasons.

Indeed, Mississippi courts have never held that placing an intact bathmat inside a hotel tub can be a negligent act. And one intermediate Mississippi court has suggested the opposite. In *Stanley v. Boyd Tunica, Inc.*,

---

however, Young sought to exclude this evidence that would have shown the hotel did not follow its normal practice in her case. Because the district court granted Young's request, we do not consider this evidence.

a hotel guest was injured when a bathmat that he or his wife placed in a hotel tub "twisted or slipped, causing him to fall." 29 So. 3d 95, 96 (Miss. Ct. App. 2010). The Mississippi Court of Appeals affirmed summary judgment for the hotel. *Id.* at 98. Relevant here, the state court found that the plaintiff "offered no proof of a negligent act on the part of [the hotel]," crediting the trial court's finding that the mat was not a dangerous condition. *Id.*; *see Stanley v. Boyd Tunica, Inc.*, 2009 WL 6355112, at *1 (Miss. Cir. Ct. Jan. 16, 2009). *Stanley* is not directly on point because Young did not place the mat in the tub herself, but the similarities are instructive: The normal use of an intact bathmat is not a dangerous condition.

Young maintains that intact objects can become unreasonably dangerous for purposes of Mississippi premises liability when positioned improperly. But the authority she provides is readily distinguishable. Her best authority is *Pigg*, 991 So. 2d 1197. In *Pigg*, a mirror affixed to a hotel bathroom door fell and shattered, injuring a young child. *Id.* at 1199. The Mississippi Supreme Court found that whether the hotel knew or should have known of the loose mirror was a factual issue for a jury. *Id.* at 1200. Young cites *Pigg* for the idea that failure to ensure that objects are properly affixed can support a premises liability claim. But critically, *Pigg* was not a direct negligence case; it turned on whether the hotel's failure to inspect its premises was negligent given the plaintiff's proof of loose mirrors in adjacent rooms. *Pigg*, 991 So. 2d at 1200. Young has not raised a constructive notice theory of liability, nor has she provided evidence that the hotel systemically failed to check the suction on its bathmats.

Nor does *Keyes v. Techtronic Industries Factory Outlets, Inc.*, in which a woman tripped on a low-profile lawnmower at the end of a store aisle, save Mrs. Young's claim. 2020 WL 4489439, at *1 (S.D. Miss. Aug. 4, 2020). The district court denied the store's summary judgment motion, leaving it for a jury to determine whether the store's act of placing the mower where it

was "difficult to see" created an unreasonably dangerous condition. *Id*. at *3. *Keyes* does suggest that misplacement of an object can be a negligent act. But the present case is distinguishable. The bathmat was not obscured from Young's view.

Young has not produced evidence of a negligent act that would support a finding of premises liability. Because we affirm the grant of summary judgment to the hotel, we do not reach the issues raised in the hotel's protective cross-appeal.

\*\*\*

The judgment of the district court is AFFIRMED.