**Cornelia Boles WARE, Plaintiff,**

v.

**William FRANTZ and Wal–Mart Stores, Inc. Defendants.**

**No. CIV. A. 3:98–cv–600WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 12, 1999.

Phillip S. Harris, Lee & Lee, Forest, MS, for Carnella Boles Ware, plaintiff.

Edley H. Jones, III, Law Offices of Edley H. Jones, III, Ridgeland, MS, for Wil-

liam Frantz, Wal–Mart Stores, Inc., defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendants, William Frantz and Wal–Mart Stores, Inc., for summary judgment, brought pursuant to Rule 56(b), Federal Rules of Civil Procedure.[1] The plaintiff, Cornelia Boles Ware, whose lawsuit alleges injuries as a result of an accident that occurred in a Wal–Mart store in Forest, Mississippi, opposes the defendants' motion. Having carefully considered the submissions of counsel, this court finds for the reasons which follow that the motion is well taken and should be granted.

### I. FILING AND REMOVAL

On June 17, 1998, plaintiff filed this lawsuit in the Circuit Court of Scott County, Mississippi. Plaintiff's Complaint alleges that on June 19, 1995, the plaintiff, as a business invitee, was on the premises and business establishment owned by the defendant, Wal–Mart Stores, Inc., ("Wal–Mart") and managed by the defendant, William Frantz ("Mr.Frantz"). Plaintiff alleges that at such time and place she tripped on a display stand that protruded into the aisle and, as a result, was seriously injured.

On September 14, 1998, alleging diversity-of-citizenship jurisdiction under Title 28 U.S.C. § 1332,[2] defendants removed this lawsuit to this federal forum pursuant to Title 28 U.S.C. § 1441(b).[3] Plaintiff made

---

1. Rule 56(b)of the Federal Rules of Civil Procedure provides:

    A party against whom a claim, counter-claim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

2. Title 28 U.S.C. § 1332 provides in pertinent part:

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

    (1) citizens of different States; ...

3. Title 28 U.S.C. § 1441(b) provides:

    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

no objections to the removal and, in fact, affirmatively states in response to defendants' motion for summary judgment that plaintiff does not dispute this court's jurisdiction.

## II. FACTUAL BACKGROUND

Plaintiff maintains that upon entering the Wal–Mart store she obtained a shopping cart, went to the lawn and garden department, and obtained a garden sprinkler which she placed in her shopping cart. According to plaintiff, she then began to head towards the checkout counters, having finished her shopping venture. As she walked down one aisle, plaintiff decided to alter her route because two customers were blocking her path. Plaintiff turned at an intersection of aisles and upon so doing struck a free-standing display shelf with her shopping cart. As the shopping cart struck the corner of the display shelf, plaintiff lost her balance and fell to the floor. From this fall, plaintiff claims injuries. Plaintiff's Complaint alleges that the defendants were negligent for: 1) failing to maintain the store in a safe condition; 2) failing to inspect the premises; and 3) failing to issue adequate warnings to invitees of hazardous conditions.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Hirras v. National R.R. Passenger Corp., 95 F.3d 396, 399 (5th Cir.1996) (quoting Fed. R.Civ.P. 56(c)). The party seeking summary judgment carries the burden of demonstrating that there is no evidence to support the non-movant's case. Hirras, 95 F.3d at 399. In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106

S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Rather, "it is the province of the jury to access the probative value of the evidence." Kennett–Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir.1980). "Summary judgment can be granted only if everything in the record demonstrates that no genuine issues of material facts exist." Id. It is improper where the court merely believes it is unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir.1962). However, the facts that are irrelevant or unnecessary to a decision are "non-material" and do not prevent summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips Oil Co. v. OKC Corp., 812 F.2d 265 (5th Cir.1987).

Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Thus, Rule 56(c) further requires that the Court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. See Anderson, 477 U.S. at 252, 106 S.Ct. at 2512; Exxon Corp. v. Burglin, 4 F.3d 1294, 1297 (5th Cir.1993).

When the moving party has challenged the non-movant's case under Rule 56(c), the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In response to a Motion for Summary Judgment, the non-moving party is required to respond with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted.

*Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122–23 (5th Cir.1988).

## IV. *ANALYSIS*

■ Under Mississippi law,[4] a premises owner owes an invitee only "the duty of exercising reasonable care to keep the premises safe, or of warning [the invitee] of hidden or concealed perils of which [the owner] knew or should have known in the exercise of reasonable care." *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.,* 518 So.2d 646, 648 (Miss.1988). Furthermore, the Mississippi Supreme Court, in *Kroger, Inc. v. Ware,* 512 So.2d 1281, 1282 (Miss.1987), held that "there is no liability for injuries, where the condition is not dangerous, or where the condition is, or should be, known or obvious to the invitee." In *McGovern v. Scarborough,* 566 So.2d 1225, 1228 (Miss.1990), the court reiterated its position as follows:

[W]e have repeatedly held the owner of premises:

(1) is not an insurer of the invitee's safety,

(2) has only a duty to keep the premises reasonably safe, and

(3) when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.

Subsequently, in *Tharp v. Bunge Corp.,* 641 So.2d 20 (Miss.1994), the court retreated somewhat by holding that "the open and obvious doctrine is not a complete defense to negligent actions in premise liability cases where the condition complained of is *unreasonably dangerous.*" *Tate v. Southern Jitney Jungle Co.,* 650 So.2d 1347, 1351 (Miss.1995) (emphasis added). Conditions "normally encountered" on business premises are generally not unreasonably dangerous. *Id.* Thus, in these situations the defense is still available to business owners.

■ There is little dispute about the material facts at issue in this case. In fact, plaintiff's memorandum in response to defendants' motion for summary judgment asserts that "[t]he [m]aterial facts of the incident asserted by the Defendant[s] are undisputed, and are admitted and adopted by the Plaintiff except that Mrs. Ware asserts that she did not see the shelf because it was constructed in such a fashion as to protrude into the aisle." Therefore, according to plaintiff, the only material fact in dispute is the cause of plaintiff's inability to see the shelf of the display which her shopping cart struck. Plaintiff argues in her memorandum that the "fashion" in which the display was constructed prevented her from seeing the shelf. On December 14, 1998, at her deposition, plaintiff, however, took a position contrary to what she now asserts. The pertinent testimony is as follows:

Q. Had you looked down at the display before the wheel on your cart hit it, would you have seen that corner of the display?

A. No.

Q. Why wouldn't you have seen it?

A. Because the package that I had would have blocked it, the view. The sprinkler was in the basket part, and there's no way that I could have seen it.

.   .   .   .   .

Q. Prior to turning your cart, had you looked down, would you have seen the corner of this display?

A. I don't think I could have.

Q. And why is that?

A. Because it was blocked from view.

Q. And it was blocked by the sprinkler that you had— .

A. By the sprinkler.

Q. —in your cart?

A. By the sprinkler in the cart.

Plaintiff's Deposition, taken December 14, 1998, at pp. 36–37.

Plaintiff made abundantly clear in her deposition testimony that the reason she

---

4. This court is obligated to follow Mississippi substantive law in this diversity action pursuant to the directive of *Erie Railroad Co. v.* *Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny.

had failed to see the shelf of the display was either that she had not been looking where she was going, or because the item in her shopping cart had obstructed her view.

Plaintiff now wishes to abandon that testimony. In what purports to be an affidavit attached to plaintiff's Memorandum In Response To Defendants' Motion For Summary Judgment, plaintiff asserts:

> I was shopping in the Wal–Mart store in Forest, Mississippi, and while shopping there my cart struck the display exhibit which was protruding into the walkway in such a manner that a reasonable person could not see the bottom corner of the display. My cart had merchandise in it but that merchandise did not obstruct my view of the walkway.

Plaintiff's "affidavit" fails to comply with Rule 56(e)[5] of the Federal Rules of Civil Procedure because it is not certified by a notary public or other person authorized by statute[6] to witness such testimony.

■ Even assuming for the sake of argument that plaintiff's affidavit complies with the law, the affidavit still fails to create a genuine issue of material fact as to the only issue in dispute. The law in this Circuit is clear that a non-movant, opposing a motion for summary judgment, "cannot manufacture a disputed material fact where none exists." *Albertson v. T.J. Stevenson & Co., Inc.,* 749 F.2d 223, 228 (5th Cir.1984); *Russell v. Harrison,* 736 F.2d 283, 287 (5th Cir.1984). "Thus, the non-movant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, [her] previous testimony." *Albertson,* 749 F.2d at 228; *see also Thurman v. Sears, Roebuck & Co.,* 952 F.2d 128, 137 n. 23 (5th Cir.1992). Plaintiff here has offered no explanation for the "about-face" change in her testimony with regard to her line of vision. Therefore, even if this court were to consider plaintiff's "affidavit" despite its insufficiencies, the court is not persuaded that the affidavit creates a genuine issue for trial. Plaintiff has offered no evidence that the display in question was unreasonably dangerous or that the defendants otherwise failed to maintain the store in a reasonably safe condition. The evidence before the court indicates that plaintiff failed to exercise reasonable care for her own safety which resulted in her unfortunate injuries. Accordingly, inasmuch as plaintiff has failed to set forth specific facts showing

5. Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part:

    **(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

6. Miss.Code Ann. § 11–1–1 provides:

    A judge of any court of record, clerk of such court, court reporter of such court, master, member of the board of supervisors, justice court judge, notary public, mayor, or police justice of a city, town or village, clerk of a municipality, and any officer of any other state, or of the United States, authorized by the law thereof to administer oaths, the judge of any court of record, or the mayor or chief magistrate of any city, borough or corporation of a foreign country; may administer oaths and take and certify affidavits whenever the same may be necessary or proper in a proceeding in any court or under any law of this state, or for the purpose of taking depositions of any party of interest, or witnesses of any suit pending before any such court, or for the perpetuation of testimony, as provided in Section 13–1–57.

that there is a genuine issue for trial, this court must grant summary judgment in favor of the defendants.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the motion of the defendants, William Frantz and Wal–Mart Stores, Inc., for summary judgment is hereby granted. The court will enter a separate judgment consistent with this Memorandum Opinion and Order.