760 So.2d 41 (2000)
Robert L. ROBINSON, Appellant,
v.
MISSISSIPPI VALLEY GAS COMPANY, Appellee.
No. 1999-CA-00995-COA.
Court of Appeals of Mississippi.
May 16, 2000.
*42 Edward D. Lamar, Greenville, Attorney for Appellant.
Andrew N. Alexander, III, Greenville, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND MOORE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Robert L. Robinson appeals from the Washington County Circuit Court's grant of summary judgment in his suit against Mississippi Valley Gas Company. Robinson asserts that genuine disputes of material fact exist. We find his argument to be without merit and affirm.

FACTS
¶ 2. Robert L. Robinson went to Mississippi Valley Gas Company's office in Greenville to pay his gas bill on September 6, 1994. It had been raining prior to Robinson's entering the building. Robinson waited in line for approximately fifteen to twenty minutes to pay his bill. After Robinson paid his bill and turned away from the counter he slipped and fell, injuring his head, neck and back. Robinson alleged in his complaint that Mississippi Valley Gas was negligent in maintaining the premises and that there should have been warning signs posted due to the hazard of a wet floor.
¶ 3. Following discovery, Mississippi Valley Gas moved for summary judgment. It alleged that there was no evidence that there was ever a hazardous condition present in their office. The key fact that became the fulcrum on which the result turned was that Robinson could not state whether there was water on the floor that caused him to fall. His deposition indicated that he did not know why he fell. Even so, Robinson asserted that a material issue of fact existed as to whether Mississippi Valley Gas should have had mats on the floor at the time of his fall. The trial court determined that this issue was not material to the disposition of Robinson's claims. Summary judgment was granted.

DISCUSSION
¶ 4. The sole argument on appeal is that there were genuine disputes of material fact in this case. This court conducts a de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it, viewing the evidence in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997).
¶ 5. Robinson was a business invitee of Mississippi Valley Gas, as he "went upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." Hoffman v. Planters Gin Co., *43 358 So.2d 1008, 1011 (Miss.1978). A land-owner owes an invitee the duty to keep the premises reasonably safe and to warn if there is hidden peril. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 778 (Miss. 1992).
¶ 6. On summary judgment Robinson had the burden of showing at least a dispute of material fact on the elements of a negligence cause of action, which are duty, breach, causation and damages. Hardy v. K Mart Corp., 669 So.2d 34, 37 (Miss. 1996). There is no dispute that Mississippi Valley Gas owed a duty to maintain a safe premises, nor is there any dispute that Robinson suffered some injury as a result of his fall. The question upon which the order for summary judgment turned was whether Mississippi Valley Gas breached their duty, and whether this alleged breached caused Robinson's fall and resulting injuries.
¶ 7. Robinson's argument is that Mississippi Valley Gas breached its duty by not laying down rubber mats and putting out warning signs on a rainy day. However, during his deposition, Robinson was unable to state what it was that caused his fall. He could not say whether there was any water on the floor, or if any other substance caused his fall. Accordingly, the trial court found that there was no evidence even to raise the issue that a dangerous condition existed or that Mississippi Valley Gas should have been aware of such a condition.
¶ 8. There was nothing presented that would indicate that the floor in Mississippi Valley Gas's office was different from any other day. There was no evidence of water on the floor, nor was there evidence of any other substance on the floor that could have caused Robinson's fall.
¶ 9. The failure to have mats on the floor is irrelevant to a premises owner's possible negligence unless there is evidence that injury occurred because of some substance on the floor that mats might have absorbed. Robinson admitted that he did not know if there was any substance on the floor that caused him to fall. No other evidence was offered on the issue. There are reasons for an invitee to fall other than the negligence of a premises owner. Robinson presented no evidence to suggest that the owner's negligence was any more likely than other explanations. Robinson would have the court infer that because it was raining and he slipped and fell that Mississippi Valley Gas was negligent. Neither we, nor more importantly a jury, may engage in speculative fact-finding. A preponderance of evidence necessary for judgment cannot arise from the absence of evidence.
¶ 10. Summary judgment is not a substitute for a trial of disputed facts, but neither should a trial be a substitute for summary judgment when there are no disputed facts. There are no issues of material fact here.
¶ 11. The trial judge was correct to enter summary judgment.
¶ 12. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.