Irene **ANDREWS** Plaintiff

v.

**UNITED STATES of America**
**Defendant**

**Civil Action No. 3:98–CV–183WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 2, 2000.

Joseph E. Roberts, Jr., Pittman, Germany, Roberts & Welsh, Jackson, MS, for plaintiffs.

Mitzi Dease Paige, U.S. Attorney's Office, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

On an earlier day, the parties herein tried this lawsuit before the undersigned judge without a jury as authorized by Rule 52[1] of the Federal Rules of Civil Procedure. The trial followed the customary procedures, with both plaintiff and defendant calling witnesses, examining adverse witnesses and moving for the admission of exhibits. Once both parties had rested, the court entered a bench ruling, finding in favor of the defendant, the United States of America, and against the plaintiff, Irene Andrews. Now, pursuant to Rule 52,[2] which provides that the court shall find the facts specially, state separately its conclusions of law, and enter a judgment pursuant to Rule 58[3] of the Federal Rules of Civil Procedure, this court submits its more detailed findings of fact and conclusions of law.

## PLAINTIFF'S COMPLAINT AND THE COURT'S JURISDICTION

In her complaint, plaintiff asserts a personal injury action based on a claim of negligence against the defendant United States of America under the Federal Tort Claims Act, Title 28 U.S.C. §§ 1346(b),[4]

1. Rule 52(a) of the Federal Rules of Civil Procedure provides in pertinent part that, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

2. The requirement found in Federal Rule of Civil Procedure 52(a) that courts "shall find the facts specially" exists to serve several aims: 1) aiding the trial court's adjudication process by engendering care by the court in determining the facts; 2) promoting the operation of the doctrines of res judicata and estoppel by judgment; and 3) providing findings explicit enough to enable appellate courts to carry out a meaningful review. *Texas Extrusion Corp. v. Palmer, Palmer & Coffee,* 836 F.2d 217, 220 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988).

3. Rule 58 of the Federal Rules of Civil Procedure provides in pertinent part that, "[s]ubject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document."

4. Title 28 U.S.C. § 1346(b) provides in part that "the district courts, ..., shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or

and 2671—2680.[5] Plaintiff's complaint is predicated upon her alleged April 11, 1997, slip and fall accident at the Magee, Mississippi, post office. Inasmuch as the plaintiff urges her claim against the United States of America under the Federal Tort Claims Act ("FTCA"), this court has jurisdiction over this lawsuit by grant of Title 28 U.S.C. § 1331.[6]

### FINDINGS OF FACT

The Magee, Mississippi, area experienced heavy rainfall on April 11, 1997. At approximately 3:00 p.m., plaintiff made her usual monthly visit to the post office to buy money orders and to pay her bills.

Customers gain entry to the Magee post office through double glass doors. Upon entering the facility, the customer is in an area known as the "box" lobby. The "box" lobby contains boxes where the patrons receive their mail. The section referred to as the "retail" lobby is located to the left of the main entrance. The "retail" lobby contains the customer service counter where stamps, money orders, and other related items are available for purchase. The "box" and "retail" lobbies are separated by two glass doors. The left door serves as the exit from the retail lobby while the right door is the entrance.

According to testimony by defendant witnesses, the post office's routine business practice was to place a large outdoor, all-weather mat at the outer entrance of the building, and two additional mats on the floor at the entrance to the lobby areas. Although no floor mat was positioned directly at the retail lobby entrance, anyone entering the building had to traverse all three of the above-mentioned mats before reaching the retail lobby entrance.

The post office used large, nonskid floor mats which were approximately 3' × 6' in size with heavy rubber backing. Additionally, according to testimony, the Magee post office's routine practices included displaying a red "Caution—Wet Floor" sign. Employees also performed periodic inspections of the lobby floor during rainy weather.

Plaintiff entered the double glass doors at the building's main entrance without incident and, according to testimony, "shook" her feet on the floor mat. Then, as plaintiff attempted to open the interior door to the retail lobby, she allegedly slipped and fell, landing on her right knee. Plaintiff testified that her head was down as she walked into the post office.

Plaintiff's fall was witnessed by Zan Hudson, the postal clerk on duty. Hudson hurried over to the plaintiff and asked plaintiff whether she was alright. Plaintiff responded that she was okay, then proceeded to complete her business affairs and later left. Immediately after the fall, the postal clerk inspected the lobby area where the fall had occurred and, according to her testimony, found the floor to be completely dry. Hudson then notified the postmaster, Harry Lott, of the plaintiff's fall. Lott instructed Hudson to write down what had happened. Hudson says she then recorded the day's events on a routing slip, also called a "buck" slip, which she later filed.

Several days later, plaintiff telephoned Lott and notified him that she had been, and was, hurt from the fall. She request-

wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred ..."

**5.** Title 28 U.S.C. § 2674 states that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims,

in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

**6.** Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

ed the necessary forms for the filing of a claim. Lott then completed the Postal Service's Accident Investigation Report, using information supplied by plaintiff along with the buck slip prepared by Hudson.

Plaintiff eventually filed Standard Form 95—Claim for Damage, Injury, Or Death, in the amount of $40,000.00. This form was received by the postal service on July 9, 1997. Defendant denied the claim and plaintiff thereafter initiated the instant lawsuit.

## CONCLUSIONS OF LAW

For the substantive law governing this lawsuit, this court looks to the law of the State of Mississippi where the alleged mishap occurred. Title 28 U.S.C. § 1346(b) says that the United States's liability, if any, will be determined "in accordance with the law of the place where the act or omission occurred ..." See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 807–08, 104 S.Ct. 2755, 2761–62, 81 L.Ed.2d 660 (1984); and Tindall v. United States, 901 F.2d 53, 55 (5th Cir.1990).

 Under Mississippi law, an invitor, such as the defendant here, or an operator of a business premises, owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. Lindsey v. Sears Roebuck and Company, 16 F.3d 616, 617–19 (5th Cir.1994), citing Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992); and Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss.1988). The invitor also must warn invitees of any dangerous condition which is not readily apparent, if the invitor knows of or should know of the condition in question by exercising reasonable care. Evans v. United States, 824 F.Supp. 93, 97 (S.D.Miss.1993) (slip and fall in post office), citing Waller v. Dixieland Food Stores, Inc., 492 So.2d 283 (Miss.1986); see also Ware v. Frantz, 87 F.Supp.2d 643, 646 (S.D.Miss.1999), citing Lucas v. Buddy Jones Ford Lincoln Mercury, Inc., 518 So.2d 646, 648 (Miss.1988), and Kroger, Inc. v. Ware, 512 So.2d 1281, 1282 (Miss.1987). However, the invitor or operator of a business is not an insurer against all injuries which may occur on a premises. See Lindsey, 16 F.3d at 618.

 In Merritt v. Wal–Mart Stores, Inc., 911 F.Supp. 242, 244 (S.D.Miss.1995), applying Mississippi law and citing Downs v. Choo, 656 So.2d 84, 86 (Miss.1995), the United States District Court stated that in order to prevail on a FTCA[7] claim the plaintiff must establish that the defendant had actual knowledge of the dangerous condition of which it failed either to warn its customers or to remedy; or, said the court, the plaintiff could prove his case by showing that a dangerous condition had existed for a sufficient length of time and that the defendant had constructive knowledge of the condition; or that the defendant caused a dangerous condition by some act of negligence on its part. See Stahl v. Wal–Mart Stores, Inc., 47 F.Supp.2d 783, 784–85 (S.D.Miss.1998), citing Merritt. Constructive knowledge of a dangerous condition is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of the condition. Lindsey, 16 F.3d at 618, citing Munford, Inc. v. Fleming, 597 So.2d at 1284.

 Whether the defendant was negligent and caused the plaintiff's injury in the instant case is a question of fact. Plaintiff and defendant presented different theories. Plaintiff testified at her deposition

---

7. The FTCA permits a suit against the federal government where "the negligent or wrongful act or omission" of a government employee causes injury "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See Title 28 U.S.C. § 1346(b). The phrase "law of the place" refers to state law exclusively. See Carlson v. Green, 446 U.S. 14, 23, 100 S.Ct. 1468, 1474, 64 L.Ed.2d 15 (1980).

that a little water had been on the floor. At trial plaintiff testified that there had been a "puddle of water" on the floor. Postal employee Hudson testified that no water had been on the floor. Plaintiff contends that no caution sign was displayed. Defendant witnesses testified that the post office employees routinely displayed bold, red "Caution—Wet Floor" signs when it rained. Plaintiff at trial contended that only one mat had been on the floor. Postal employees testified that three mats had been on the floor.

Plaintiff's credibility also was called into question by her own medical records. While plaintiff sought at trial to lay sole blame upon defendant for the financial costs and pain and suffering she allegedly endured undergoing neck surgery to relieve pain in her arms and legs, her medical records show that she complained to her physician of having suffered a second slip and fall which could have aggravated the injuries of which she complained at trial.

Plaintiff here bears the burden of proving her case by a preponderance of the evidence. In Mississippi, as at common law and in the federal courts generally, the plaintiff's burden of proof in a civil action is to establish issues of fact by the preponderance of the evidence. *Vogel v. American Warranty Home Service Corporation*, 695 F.2d 877, 882 (5th Cir.1983), citing *Producers Gin Ass'n v. Beck*, 215 Miss. 263, 60 So.2d 642, 644 (1952); and *Strachan Shipping Co. v. Shea*, 406 F.2d 521, 522 (5th Cir.) (per curiam), *cert. denied*, 395 U.S. 921, 89 S.Ct. 1773, 23 L.Ed.2d 238 (1969). The inconsistencies and conflicts posed by her version of the events in question, along with other evidence from documents and witnesses, lead this court to conclude that the plaintiff did not meet her burden of proof.

It is this court's duty to assess and weigh the credibility of witnesses. *Port Arthur Towing Company v. John W. Towing, Inc.*, 42 F.3d 312, 318–19 (5th Cir. 1995), citing *Turnage v. General Electric*

*Company*, 953 F.2d 206, 207 (5th Cir.1992) (weighing conflicting evidence and inferences and determining the relative credibility of witnesses to resolve factual disputes is the fact finder's province). The United States Supreme Court instructs that "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). As such, this court has studied the evidence, noted the many discrepancies and attached greater weight to the testimony of the more believable witnesses. Unfortunately for the plaintiff, this court is more impressed by the testimony of the defendant's witnesses who presented testimony clearly opposed to that of the plaintiff.

Plaintiff simply has failed to show that she is entitled to relief on her claim. Accordingly, this court finds in favor of the defendant, the United States of America, and against the plaintiff. This court shall enter a separate judgment in accordance with the local rules.

### FINAL JUDGMENT

On an earlier day, this lawsuit was tried to the court sitting without a jury. The court entered a bench ruling, finding in favor of the defendant, the United States of America, and against the plaintiff, Irene Andrews. The opinion of this court dated August 2, 2000, and the findings of fact and law included therein are incorporated by reference. For the reasons assigned in that opinion, the court concludes that judgment should be entered in favor of the defendant and against the plaintiff and that the defendant should be awarded its costs of litigation.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the complaint be,

and it is hereby DISMISSED WITH PREJUDICE in accordance with this court's opinion.

IT IS FURTHER ORDERED AND ADJUDGED that the defendant, United States of America, is entitled to recover its taxable costs in this action upon filing a Bill of Costs in the time and manner prescribed in accordance with the local rules.