**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-60531
Summary Calendar

_____

FRANCES F. McNAMEE,

Plaintiff-Appellant,

versus

JACKSON SIMON LIMITED PARTNERSHIP and
M.S. MANAGEMENT ASSOCIATES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(01-CV-370)
_____

December 3, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Frances McNamee tripped and fell over a concrete parking
bumper in the parking lot of a Service Merchandise. The premises
on which the Service Merchandise is located are owned and leased by
Jackson Simon L.P. and managed by M.S. Management Associates, Inc.
The district court properly found no negligence on the part of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

appellees. We therefore AFFIRM the district court's grant of summary judgment in favor of Jackson Simon L.P. and M.S. Management Associates, Inc.

## I. Facts

McNamee drove into the Service Merchandise parking lot around 7 p.m. and parked in a handicap parking space. McNamee testified that she had her headlights on when pulling into the space but did not notice that the spot had a parking bumper. She bought some presents in the store and returned to her car approximately half an hour later. After placing some packages on the passenger's seat, she began walking around the front of the car to the driver's side. She testified that she was in a hurry when walking around the car because she had to pick up the remainder of her purchases at the customer loading dock. While turning the corner of the car, she tripped and fell over the concrete parking bumper, which is painted a bright "handicap blue."

The Service Merchandise lot only has bumpers in handicap spots. The purpose of the bumpers is to protect handicap parking signs. McNamee stated that prior to the accident she parked in the lot on several occasions during daylight hours though not in a handicap spot. She admitted that she "probably saw [the bumpers] from time to time driving through [the lot]" but did not pay them significant attention. At her deposition, she admitted that if one looks for the parking bumper it is noticeable. She stated, "If you're looking for it, yes, you can [see it]. But when you're in

2

a hurry to get back to pick up a package because they had it at the door for you, and I did not see it. [sic]"

The district court found that McNamee did not create a genuine issue of material fact as to the question of appellees' negligence. Finding appellees entitled to judgment as a matter of law, the court granted summary judgment in their favor.

## II. Analysis

We have diversity jurisdiction under 28 U.S.C. § 1332. Missippi law applies. We review summary judgment rulings de novo, Potomac Ins. Co. v. Jayhawk Med. Acceptance Corp., 198 F.3d 548, 550 (5th Cir. 2000), and apply the same standard as the district court. Wyatt v. Hunt Plywood Co., Inc., 297 F.3d 405, 408 (5th Cir. 2002). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). We view all evidence and factual inferences in the light most favorable to the party opposing the motion. Price v. Federal Exp. Corp., 283 F.3d 715, 719 (5th Cir. 2002). We review de novo the district court's determination of state law. Salve Regina College v. Russell, 499 U.S. 225, 239 (1991).

It is undisputed that McNamee was a business invitee. "Under Mississippi law, an invitor . . . or an operator of a business premises, owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. The invitor also

must warn invitees of any dangerous condition which is not readily apparent, if the invitor knows of or should know of the condition in question by exercising reasonable care. However, the invitor or operator of a business is not an insurer against all injuries which may occur on a premises." Andrews v. United States, 130 F. Supp. 2d 815, 818 (S.D. Miss. 2000) (internal citations omitted). Merely establishing the occurrence of an accident on the premises is insufficient to establish liability. Robinson v. Ratliff, 757 So. 2d 1098, 1102 (Miss. Ct. App. 2000). Plaintiff must prove negligence on the part of the business or landowner. Id. As with any other negligence case, plaintiff must establish (1) the existence of a duty, (2) the breach of that duty, (3) proximate cause, and (4) damages. Robinson v. Miss. Valley Gas Co., 760 So. 2d 41, 43 (Miss. Ct. App. 2000).

McNamee alleges that shadows cast on the parking bumper from nearby cars prevented her from seeing it. She claims that the deposition testimony of her expert witness, which the district court did not consider, creates a genuine issue of material fact as to whether the blue parking bumper is a dangerous condition. William A. Springer, P.E., testified that (1) safer alternative means of protecting a handicap sign exist, such as a concrete filled steel post or moving the sign to the corner of the parking spot; (2) the bumpers should have been painted yellow instead of the blue that matched the sign and parking lines; (3) the lighting inadequately illuminated the bumpers; and (4) reflective material

4

should have been placed on the bumpers to increase visibility at night.

Even if the district court had considered Springer's testimony, it would not have affected the determination that McNamee's "negligence was the sole proximate cause of her injuries." The blue parking bumpers meet the reasonably safe premises standard. They are conditions normally encountered on business premises, see Ware v. Frantz, 87 F. Supp. 2d 643, 646 (S.D. Miss. 1999) ("Conditions 'normally encountered' on business premises are generally not unreasonably dangerous.") (citing Tate v. Southern Jitney Jungle Co., 650 So. 2d 1347, 1351 (Miss. 1995)), and are readily noticeable if one is paying attention, as McNamee admitted in her deposition. If McNamee had not been in a hurry, she would have seen the bumper and avoided the accident.

The district court properly compared the facts here to other cases decided under Mississippi law in which the owner or manager was not found negligent. See, e.g., Ware, 87 F. Supp. 2d 643 (display stand that protruded into aisle reasonably safe); McGovern v. Scarborough, 566 So. 2d 1225 (Miss. 1990)(raised doorway threshold not a dangerous condition); First Nat'l Bank of Vicksburg, 214 So. 2d 465 (Miss. 1968) (cracked concrete riser on which customer had to step to enter bank reasonably safe).

McNamee's attempt to use the district court's references to the "open and obvious" doctrine, which Tharp v. Bungee Corp., 641 So. 2d 20 (Miss. 1994), changed from a complete defense in slip-

and-fall cases to an issue to be considered under a comparative negligence standard, also fails. "The 'open and obvious' standard is simply a comparative negligence defense used to compare the negligence of the plaintiff to the negligence of the defendant. If the defendant was not negligent, it makes no difference if the dangerous condition was open and obvious to the plaintiff since the plaintiff must prove some negligence on part of the defendant before recovery may be had." Tharp, 641 So. 2d at 24. The district court clearly stated that appellees were not negligent. Its references to the "open and obvious" doctrine do not affect that decision. See id. at 25 ("In McGovern, however, we actually found that there was no negligence attributable to the defendant in raising a doorway three-quarters of an inch (3/4"). This Court went into great detail to say that the defendant was not negligent and merely threw in the phrase 'open and obvious' at the end.") (citing McGovern v. Scarborough, 566 So.2d 1225 (Miss. 1990)).

## III. Conclusion

For the reasons stated above, we AFFIRM the district court's grant of summary judgment in favor of appellees.