905 So.2d 1290 (2004)
Brenda BERNARD and Hubert Bernard, Appellants,
v.
33 FOODS, INC. d/b/a Taco Bell and R.G.T Management, Inc. d/b/a Taco Bell, Appellees.
No. 2003-CA-01534-COA.
Court of Appeals of Mississippi.
November 30, 2004.
*1291 Harry Merritt McCumber, Christopher Wayne Cofer, Jackson, attorneys for appellants.
Troy Philip Huskey, Ocean Springs, J. Stephen Wright, Ridgeland, attorneys for appellees.
Before LEE, P.J, IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. Brenda and Hubert Bernard appeal from the Rankin County Circuit Court's grant of summary judgment in their suit against 33 Foods, Inc. d/b/a Taco Bell and R.G. T. Management, Inc., d/b/a / Taco Bell (Taco Bell). The Bernards assert that the grant of summary judgment was improper because genuine and material issues of fact existed as to whether there was a dangerous condition on the premises of the Richland Taco Bell on the day of Brenda's fall.
¶ 2. We find that summary judgment was proper; therefore, we affirm the decision of the circuit court.

FACTS
¶ 3. On September 11, 1998, Brenda Bernard entered Taco Bell in Richland to purchase food. It had been raining prior to Brenda's entering Taco Bell, and Brenda's shoes were wet. Upon entering Taco Bell, Brenda slipped and fell to the floor injuring her back. There was no safety mat inside the entrance of the Taco Bell. Brenda alleged that 33 Foods, Inc. was negligent in maintaining the premises and that there should have been a floor mat inside the entrance of the Taco Bell.
¶ 4. Taco Bell filed a motion for summary judgment, or alternatively, a motion to dismiss. Taco Bell alleged that there was no evidence that a dangerous condition existed on the floor of the Richland Taco Bell. The trial court granted Taco Bell's motion for summary judgment, finding that the absence of a mat at the entrance of Taco Bell was not sufficient to establish negligence on the part of Taco Bell.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. The law is well settled with regard to the grant or denial of summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material *1292 fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c). "All that is required of an opposing party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under the rule." Lowery v. Guaranty Bank and Trust Co., 592 So.2d 79, 81 (Miss.1991) (citing Galloway v. Travelers Ins. Co, 515 So.2d 678, 682 (Miss.1987)). Appellate review of the grant of a motion for summary judgment is de novo. We look at all the evidence in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622 (¶8) (Miss.1997).
¶ 6. The Bernards argue that Taco Bell breached its duty to keep the premises reasonably safe by not placing a mat inside the entrance and by not warning Brenda of the danger of the wet floor. Taco Bell counters that the Bernards did not show any dangerous condition on Taco Bell's premises that caused or contributed to Brenda's fall since Brenda was unable to state what caused her fall and testified that she saw no water, grease, or other substance on the floor that would have rendered the floor dangerous or otherwise caused her to fall. Taco Bell maintains that the Bernards failed to prove that it had actual or constructive knowledge of a dangerous condition on the premises.
¶ 7. The trial court held that Robinson v. Mississippi Valley, 760 So.2d 41 (Miss.Ct. App.2000) controls the issues of liability in this case. In Robinson, this Court upheld the grant of summary judgment to Mississippi Valley Gas Company where the plaintiff slipped and fell in its offices but could not establish any condition present on the floor that would have caused the fall. Id. at 43 (¶¶ 7, 11).
¶ 8. As already observed, the sole issue on appeal is whether there were genuine issues of fact concerning the dangerousness of the condition that existed on Taco Bell's premises at the time of Brenda's fall. We have thoroughly reviewed the record and cannot find any evidence placing in dispute the issue of whether a dangerous condition existed on Taco Bell's premises on the day of Brenda's fall. The Bernards have only proven that Brenda, wearing wet shoes, fell in Taco Bell and that prior to the fall, it had been raining on the outside. The Mississippi Supreme Court has held that "[p]roof merely of the occurrence of a fall on a floor within [a] business['s] premises is insufficient to show negligence on the part of the proprietor." Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss.1966).
¶ 9. The Bernards next argue that Taco Bell, in failing to place a floor mat and wet-floor signs to warn patrons at the entrance of the business, failed to follow its own polices and procedures regarding the placement of floor mats and the wet-floor signs. Despite any policy or procedure that a business may have in place regarding the placement of mat and wet-floor warning signs, this Court has previously held, that "[t]he failure to have mats on the floor is irrelevant to a premises owner's possible negligence unless there is evidence that injury occurred because of some substance on the floor that mats might have absorbed." Robinson, 760 So.2d at 43(¶ 9). Since the Bernards have offered no proof that Brenda's fall occurred because of some substance on the floor which might have been absorbed by mats, Taco Bell's failure to follow its policies regarding placement of floor mats and wet-floor signs is irrelevant.
¶ 10. Since we find no genuine issue of material fact regarding the dangerousness of the floor of Taco Bell's premises when Brenda slipped and fell, we affirm the trial *1293 court's grant of summary judgment in favor of Taco Bell.
¶ 11. THE JUDGEMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.