United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60642

Summary Calendar

_____

RUBY C SMITH

              Plaintiff - Appellant


    v.

FEDERAL CLEANING CONTRACTORS INC

              Defendant - Appellee


_____

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
No. 3:03-CV-857-LN

_____

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Ruby C. Smith filed this action seeking

damages from Defendant-Appellee Federal Cleaning Contractors,

Inc. for a trip-and-fall accident.  The district court granted

summary judgment in favor of Federal, and Smith now appeals.  For

_____

    [*]      Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

the following reasons, we AFFIRM the judgment of the district court.

## I. BACKGROUND

On December 1, 2001, Ruby C. Smith and her daughter traveled to the Northpark Mall in Ridgeland, Mississippi. They walked up to the mall entrance at approximately 8:50 a.m., a few minutes before the mall opened. As they approached the entrance, Smith noticed that there was water everywhere and a hose on the ground. The hose was being used by Federal Cleaning Contractors, Inc. ("Federal") to clean the outside of the entranceway. At that moment, Smith said to her daughter "this is dangerous" and then she tripped over the hose and fell.

Smith filed suit against Federal in Mississippi state court, alleging that Federal was negligent by, inter alia: (1) failing to keep the premises in a reasonably safe condition; and (2) failing to warn of a dangerous condition not readily apparent. Federal removed the action to the United States District Court for the Southern District of Mississippi and subsequently filed a motion for summary judgment. In support of its motion, Federal argued that the evidence established that there was no dangerous condition and that it is not liable because Smith saw the hose before she fell.

On June 24, 2004, the district court granted Federal's motion. The court reasoned that the hose did not render the

premises unreasonably dangerous.  Moreover, it reasoned that the presence of the hose and any danger it may have posed were specifically recognized by the plaintiff.  Thus, the court concluded that Federal did not breach any duty it owed to Smith, i.e., that Federal was not negligent.  Furthermore, the court rejected Smith's argument that the hose was not a "normal" or "usual" condition since she had never encountered the hose at the mall before.

On appeal, Smith now argues that there is a genuine issue of material fact as to whether: (1) the hose created an unreasonable, unsafe, and dangerous condition; (2) the use of a water hose at the entrance of a mall was something a person could reasonably anticipate; and (3) Smith appreciated the condition prior to her tripping and falling.

## II. STANDARD OF REVIEW

We review the granting of summary judgment de novo, applying the same standards as the district court.  Burch v. City of Nacogdoches, 174 F.3d 615, 618 (5th Cir. 1999).  Summary judgment may be entered if the record, taken as a whole, shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  To overcome summary judgment, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  Matsushita

3

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks and emphasis omitted). The court must view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmovant's favor. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992).

### III. DISCUSSION

Under Mississippi law, a negligence claim consists of four elements: (1) a duty to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. Walmart Stores, Inc. v. Littleton, 822 So. 2d 1056, 1058 (Miss. Ct. App. 2002). An owner of premises has a duty only to keep the premises reasonably safe and, when not reasonably safe, to warn only where there is a hidden danger or peril that is not in plain and open view. Tharp v. Bunge Corp., 641 So. 2d 20, 25 (Miss. 1994); McGovern v. Scarborough, 566 So. 2d 1225, 1228 (Miss. 1990); see also Ware v. Frantz, 87 F. Supp. 2d 643, 646 (S.D. Miss. 1999). There is no liability for injuries where the condition is not dangerous or where the condition is or should be known or obvious to the invitee. Tharp, 641 So. 2d at 23. In Tharp, however, the court held that the open and obvious doctrine is not a complete defense to negligence actions where the condition complained of is unreasonably dangerous. Id.; see also Tate v. S. Jitney Jungle

4

<u>Co.</u>, 650 So. 2d 1347, 1351 (Miss. 1995); <u>Ware</u>, 87 F. Supp. 2d at 646. The court went on to state that the open and obvious doctrine "is simply a comparative negligence defense used to compare the negligence of the plaintiff to the negligence of the defendant[,]" but "[i]f the defendant was not negligent, it makes no difference if the dangerous condition was open and obvious to the plaintiff since the plaintiff must prove some negligence on part of the defendant before recovery may be had." <u>Tharp</u>, 641 So. 2d at 24. Mississippi courts have routinely held that conditions such as display stands, hand trucks, raised door thresholds, curbs, and steps are not unreasonably dangerous. <u>See</u> <u>Ware</u>, 87 F. Supp. 2d at 647; <u>Littleton</u>, 822 So. 2d at 1059; <u>McGovern</u>, 566 So. 2d at 1228; <u>Kroger, Inc. v. Ware</u>, 512 So. 2d 1281, 1282 (Miss. 1987). On the other hand, one court has found that there was a fact question as to whether a condition was unreasonably dangerous where a deli counter had a sharp, pointed, and jagged edge under the counter, at knee level, and out of sight. <u>Tate</u>, 650 So. 2d at 1347. The cases turn on whether the conditions are usual and whether customers would normally expect to encounter such conditions on business premises. <u>Id.</u>

We agree with the district court that Federal did not breach any duty owed to the plaintiff. A hose laying on the ground outside a shopping mall, clearly visible to anyone walking in the vicinity, does not pose an unreasonably dangerous condition. We see no difference between a hose laying outside a shopping mall

and display stands, hand trucks, raised door thresholds, curbs, and steps, all of which have been held not to be unreasonably dangerous. Moreover, a hose that is visible to anyone in the vicinity is distinguishable from a sharp, pointed, and jagged edge that is out of sight. In addition, the fact that a hose is laying in front of a mall's entranceway because it is being used to clean the outside of the mall before the mall opens is a normal business practice that customers would normally expect to encounter on the shopping mall's premises. Thus, the district court did not err in concluding that the hose did not pose an unreasonably dangerous condition.

Since the hose did not pose an unreasonably dangerous condition, Federal cannot be liable if the hose was known or obvious to Smith. Smith admits that she saw the hose before she fell. Nevertheless, Smith argues that there is a question of fact as to whether she appreciated the danger posed by the hose because she fell almost simultaneously upon seeing. This argument is wholly without merit. The evidence shows that Smith saw the hose, commented on its dangerousness, and then proceeded to trip on it. Thus, it is clear that Smith both saw and appreciated the hose laying on the ground. Furthermore, Smith errs in relying on the rule announced in <u>Tharp</u>, i.e., that the open and obvious doctrine is not a complete defense to negligence actions, because that rule only applies where the condition complained of is unreasonably dangerous. <u>Tharp</u>, 641 So. 2d at

6

Here, we have concluded that the condition was not unreasonably dangerous. Accordingly, we hold that the district court did not err in granting summary judgment in favor of Federal.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.