# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2023

Lyle W. Cayce
Clerk

No. 22-60269

Sandra Nicole Keen,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Stores East, L.P.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-20

Before Stewart, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:* (1)

This case involves a premises liability lawsuit arising out of an incident that took place in a Walmart[2] store. After the close of discovery, Walmart moved for summary judgment on grounds that the plaintiff failed to provide adequate evidence in support of her claims. The district court granted

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Judge Dennis concurs in the judgment only.

[2] The named defendant-appellee in these proceedings Wal-Mart Stores East, L.P., is referred to herein as "Walmart."

No. 22-60269

Walmart's motion and dismissed the case with prejudice. Because the record supports the district court's summary judgment in favor of Walmart, we AFFIRM.

## I. FACTUAL & PROCEDURAL BACKGROUND

During the early evening of August 6, 2018,[3] Sandra Nicole Keen was shopping for school supplies with her daughter in a Walmart store in Vicksburg, Mississippi. The school supply aisle was busy and crowded with other shoppers. At approximately 5:30 p.m., as Keen was waiting for the customer ahead of her to move, a box of notebooks fell on her. According to Keen, the box was five or six feet wide, weighed about 50 pounds, and contained roughly 60 notebooks. After the box fell, Keen told the other witnesses that she was fine and left the aisle. She later returned and saw that the notebooks had been cleaned up. Although she did not formally report the incident to a store employee or manager, she mentioned it to a cashier as she was checking out. Keen claims that when she returned home, her neck began to hurt. After discussing the matter with her husband, she returned to Walmart to file a complaint. She then went to the emergency room in Vicksburg where she received medical treatment. She later testified that as a result of her injury, she required surgery and rehabilitative therapy.

In October 2019, Keen filed suit against Walmart in the Warren County court in Mississippi. In her complaint she alleged that Walmart was liable for her injuries from the incident because it failed to maintain its premises in a reasonably safe condition, created an unreasonably safe condition, or allowed an unreasonably safe condition to exist within its

---

[3] The district court's order states that the incident occurred on August 8, 2018, while the plaintiff's original complaint and both parties' briefs state that the incident occurred on August 6, 2018. Because our review of the record indicates that the August 6th date is likely correct, we use that date herein.

premises. She also contended that Walmart was responsible for her injuries under the theory of res ipsa loquitur. Walmart moved for summary judgment, attaching to its pleadings the store surveillance videos from the date of the incident. The district court granted Walmart's motion and dismissed the case with prejudice. In its order, the district court held that Keen had failed to provide sufficient evidence to establish a prima facie case of premises liability against Walmart or that it was liable under the doctrine of res ipsa loquitur. This appeal ensued.

## II. STANDARD OF REVIEW

We conduct a de novo review of a district court's grant of summary judgment. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing FED. R. CIV. P. 56(a)). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "A panel may affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks and citation omitted).

## III. DISCUSSION

On appeal, Keen advances two primary arguments. First, she argues that the district court erred in holding that she had failed to establish a prima facie case of premises liability. Second, she argues that the district court erred

in determining that the doctrine of res ipsa loquitur did not apply in her case. We address each argument in turn.

### A. Premises Liability

"Premises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of conditions or activities on the land[.]" *See Venture, Inc. v. Harris*, 307 So. 3d 427, 432 (Miss. 2020) (internal quotation marks and citations omitted). In a premises-liability case, "the plaintiff must prove each element of negligence: duty, breach of that duty, proximate causation, and damages or injury." *Id.* (citations omitted). In Mississippi, a three-step process is applied to determine premises liability. *Id.* at 433 (quoting *Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004)). First, the injured person's status must be classified in terms of whether that person is an invitee, licensee, or a trespasser. *Id.* Second, the duty owed to the injured party is determined based on that classification. *Id.* Third, it must be determined whether the duty owed to the injured party was breached by the landowner or business operator. *Id.* Although the determination of which status a particular plaintiff holds can be a jury question, a trial judge may make the determination where the facts are not in dispute. *Id.*

"[A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Id.* A business owner's duties to an invitee include keeping "the premises in a reasonably safe condition" and warning "the invitee of dangerous conditions that are not readily apparent." *Id.* Nevertheless, an invitee is "still required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstance." *Id.*

Proof that her injury was caused by a "dangerous condition" is an essential element of an invitee's premises liability claim. *See Robinson v. Miss. Valley Gas Co.*, 760 So. 2d 41, 43 (Miss. Ct. App. 2000). In other words, a property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists or where there is no evidence that the property owner should have been aware of such a condition. *Id.* ("[The plaintiff] admitted that he did not know if there was any substance on the floor that caused him to fall. No other evidence was offered on the issue . . . [The plaintiff] would have the court infer that because it was raining and he slipped and fell that [the owner] was negligent. Neither we, nor more importantly a jury, may engage in speculative fact-finding. A preponderance of evidence necessary for judgment cannot arise from the absence of evidence."). It is also worth noting that a business "is not required to keep the premises absolutely safe, or in such a condition that no accident could possibly happen to a customer." *Hill v. Cent. Sunbelt Fed. Credit Union*, 349 So. 3d 1181, 1185 (Miss. Ct. App. 2022) (citations omitted). "[B]usiness owners are not insurers against all injuries[.]" *Daniels v. Family Dollar Stores of Miss., Inc.*, 351 So. 3d 964, 969 (Miss. Ct. App. 2022).

Here, neither party disputes the district court's determination that Keen was an "invitee" on Walmart's premises when the incident occurred because she entered the store to purchase school supplies. That said, the record supports the district court's conclusion that Keen failed to show that a "dangerous condition" existed. *See Robinson*, 760 So. 2d at 43. As a preliminary matter, she has provided no evidence as to what caused the box to fall or what position the box was in on the shelf before it fell. According to Keen's deposition testimony, she did not ask the other witnesses if they saw anything and did not know what the other customers in the aisle were doing when the incident occurred. She did not know if another customer caused the box to fall or whether another customer left the box in the state it was in

before it fell. She did not know how many other customers were in the aisle or how long she had been in the aisle when the box fell. She did not know what the woman in front of her was doing before or when the box fell. Indeed, Keen admitted that she was simply not paying attention to the condition of the aisle or the patrons therein when the incident occurred. For these reasons, we agree with the district court that she failed to show the existence of a dangerous condition. *Id.*

Assuming arguendo that a dangerous condition did exist, we also agree that Keen failed to present evidence supporting her negligence claim against Walmart on grounds that it breached its duty by causing the condition or that it had actual or constructive knowledge that the condition existed. *See Hartford v. Beau Rivage Resorts, Inc.*, 179 So. 3d 89, 91–92 (Miss. Ct. App. 2015) (explaining that even if the existence of a dangerous condition is proven, the plaintiff still must show: "(1) a negligent act by the defendant caused the dangerous condition; or (2) the defendant had actual knowledge of the dangerous condition but failed to warn the plaintiff; or (3) the dangerous condition remained long enough to provide the defendant with constructive knowledge"). While Keen contends that Walmart should have stationed more employees on the school supply aisle, she does not explain how the purported lack of staff caused the box to fall. The surveillance videos that Walmart submitted to the district court show both managers and employees walking near and down the school supply aisle several times just minutes before the incident. If anything, the video footage undermines Keen's argument that stationing more employees on the school supply aisle could have somehow prevented the box from falling.

Nor does Keen suggest that Walmart had actual or constructive knowledge that the box of notebooks on the shelf constituted an unsafe condition. *Id.* As her deposition testimony reveals, Keen had no idea when the dangerous condition first came to exist or how long it remained before the

incident. For these reasons, we agree with the district court that she failed to provide summary judgment evidence beyond "speculation, improbable inferences, or unsubstantiated assertions." *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("Conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party."). Accordingly, we hold that the district court did not err in concluding that Keen failed to establish her prima facie case of premises liability. *See Venture, Inc.*, 307 So. 3d at 432.

### B. Res Ipsa Loquitor

The doctrine of res ipsa loquitur is essentially "a rule of evidence that allows negligence to be inferred in certain fact situations." *Trepagnier v. Alimak Hek, Inc.*, 784 F. App'x 195, 200 (5th Cir. 2019) (per curiam) (unpublished) (quoting *Winters v. Wright*, 869 So. 2d 357, 363 (Miss. 2003) (en banc)). "Mississippi courts have instructed that res ipsa loquitur should be applied 'cautiously.'" *Id.* (quoting *Perry Inv. Grp., LLC v. CCBCC Operations, LLC*, 169 So. 3d 888, 897 (Miss. Ct. App. 2014) (citation omitted)). The Mississippi Supreme Court has explained that the doctrine "has no operation to excuse or dispense with definite proof, by the plaintiff, of material facts which are tangible and are capable of direct and specific evidence, as much within the power of plaintiff to produce as of the defendant." *Id.* (quoting *Winters*, 869 So. 2d at 364). Likewise, the doctrine will not apply unless the plaintiff proves "three elements: 1) the instrumentality causing the damage must be under the exclusive control of the defendant; 2) the occurrence must be [of such a nature that it would not happen] in the ordinary course of things . . . if those in control of the instrumentality used proper care; and 3) the occurrence must not be due to any voluntary act on the part of the plaintiff." *Id.* (citing *Coleman v. Rice*, 706 So. 2d 696, 698 (Miss. 1997) (en banc)).

No. 22-60269

While it appears from the record that Keen did not commit a voluntary act that caused the box to fall, she nevertheless has failed to show that Walmart exclusively controlled the box that fell or that it failed to use proper care to prevent the box from falling. *Id.* As the district court observed, Keen had no idea if other patrons caused the box to fall or were involved in the incident so she cannot show that Walmart maintained exclusive control over the box. *Id.* Nor can she show that Walmart failed to exercise proper care over the box. *Id.* As stated supra, she fails to show how more Walmart employees being stationed at the aisle could have prevented the box from falling and the store video surveillance footage shows numerous employees in the area just minutes before the incident occurred. In short, she has not provided evidence to support the applicability of the doctrine of res ipsa loquitor in her case. For these reasons, we agree with the district court that the doctrine does not apply here.

In sum, because Keen has failed to provide sufficient evidence in support of her claims against Walmart, we affirm the district court's summary judgment in its favor. *See Sanders*, 970 F.3d at 561.

## IV. Conclusion

The district court's judgment is AFFIRMED.