ISHEE, J„ for the Court.
¶ 1. Scott Keith Mitchell was convicted in the Circuit Court of Leake County for possession of methamphetamine and precursor chemicals, for which he was sentenced to a total of forty years in the custody of the Mississippi Department of Corrections (“MDOC”). Aggrieved by his conviction and sentence, Mitchell appeals. Finding no error, we affirm.
FACTS
¶ 2. On or about April 17, 2002, Leake County Sheriffs Department officers executed a search warrant at Mitchell’s residence. The warrant was procured after receiving tips from several confidential informants that Mitchell was engaged in illegal drug activities, and after Leake County deputies patrolling the road near Mitchell’s home smelled a strong chemical smell typically associated with the manufacture of methamphetamine. Upon entering the residence to execute the warrant, officers saw Mitchell and Hershell Monk standing in the kitchen, and subsequently handcuffed the men. Upon searching the residence, the officers found paraphernalia and precursor chemicals used to make methamphetamine, as well as methamphetamine. The officers then transported Mitchell and Monk to the Leake County Correctional Facility, and while en route, Mitchell made incriminating statements that the methamphetamine and precursor chemicals were his.
¶ 3. Mitchell was indicted on charges of possession of methamphetamine and precursor chemicals, and was subsequently tried, convicted of both charges, and sentenced to the custody of the MDOC for a total of forty years. Aggrieved by the conviction and sentence, Mitchell appeals, asserting: (1) that the trial court erred when it overruled his motion to suppress the search warrant because there was insufficient probable cause and the issuing judge was not detached and neutral; (2) that he is entitled to a new trial based on discovery violations by the State and the trial court’s admission into evidence of an oral confession made by Mitchell; (3) that the results of the search of his residence should not have been admitted into evidence because police did not knock and announce, and the judge issuing the warrant did not have authority to issue a “no knock” warrant.
ISSUES AND ANALYSIS
I. Whether the trial court erred when it overruled Mitchell’s motion to suppress the search warrant because there was insufficient probable cause, and because the issuing judge was not detached and neutral.
A. Whether probable cause existed to issue a search warrant of Mitchell’s home
¶ 4. This Court is not required to make a de novo determination of probable cause on appeal. Pittman v. State, 904 So.2d 1185, 1190(¶ 4) (Miss.Ct.App.2004). Rather, we must only make a determination whether the magistrate had a substantial basis for finding probable cause. Id. As to the standard for probable cause, the test requires examination of the totality of the circumstances. Lee v. State, 435 So.2d 674, 676 (Miss.1983) (adopting test set forth by United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). This simply requires the magistrate “to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of *642 a crime will be found in a particular place.” Gates, 462 U.S. at 238, 103 S.Ct. 2317.
¶ 5. The record supports the contention that police received several tips from multiple confidential informants concerning Mitchell’s involvement in illegal drug activity. While neither the search warrant nor the affidavit securing it appear in the record on appeal, it seems likely that the veracity and basis of knowledge of these informants was established in procuring the warrant. Leake County Sheriff Greg Waggoner testified to having known one of the informants for “a couple of years.” He further testified that the reliability of the informants had previously been established when tips they had given resulted in other arrests. Thus, it is likely that the judge issuing the warrant was satisfied with the informants’ veracity and basis of knowledge. There was additionally testimony that officers patrolling the road on which Mitchell lived detected a strong chemical smell typically associated with methamphetamine production, and that the officers believed the smell was originating from the Mitchell residence. Considering the totality of the circumstances, we find that there was a substantial basis for the magistrate’s determination of probable cause. We thus find Mitchell’s assertions as to this issue to be without merit.
B. Whether the judge issuing the warrant was detached and neutral
¶ 6. Mitchell neglected to object at trial to the neutrality and detachment of the judge issuing the search warrant. As such, he is procedurally barred from raising the issue for the first time on appeal. See Thorson v. State, 895 So.2d 85, 112(¶ 64) (Miss.2004). However, regardless of the procedural bar, this issue lacks merit.
¶ 7. It is well-settled that an individual issuing a warrant must be a detached and neutral magistrate. See Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948); McCommon v. State, 467 So.2d 940, 942 (Miss.1985). The reasoning behind this requirement is that “the detached scrutiny of a neutral magistrate ... is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer ‘engaged in the often competitive enterprise of ferreting out crime.’ ” United States v. Leon, 468 U.S. 897, 913-14, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (quoting Johnson, 333 U.S. at 14, 68 S.Ct. 367). Furthermore, a magistrate must actually “ ‘perform his ‘neutral and detached’ function and not serve merely as a rubber stamp for the police.’ ” Leon, 468 U.S. at 914, 104 S.Ct. 3405 (quoting Aguilar v. Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)). A magistrate failing to adhere to the detached and neutral standard, who is instead acting more as “an adjunct law enforcement officer” cannot validly authorize a search that would otherwise be unconstitutional. Id. Mitchell contends that Justice Court Judge Carolyn Wilcher-Thomas, the judge who issued the warrant, was not detached and neutral because her son is the Leake County Sheriffs Department’s only investigator. Mitchell further points to testimony by Leake County Sheriff Greg Waggoner that he cannot recall Judge Wilcher-Thomas ever refusing to sign a search warrant he presented to her. Because the record holds nothing more to support Mitchell’s argument as to this issue, we cannot say that Judge Wil-cher-Thomas’s detachment and neutrality is in question. Furthermore, as discussed above, there was a substantial basis in the record to support a finding of probable cause. Thus, the mere fact that Judge Wilcher-Thomas issued the warrant does not suggest that she was acting as “an *643 adjunct law enforcement officer.” Consequently, this issue lacks merit even if it were not procedurally barred.
II. Whether Mitchell is entitled to a new trial based on discovery violations by the State and the trial court’s erroneous admission of an oral confession made by Mitchell.
A. Discovery violations
¶ 8. The standard by which this Court reviews assertions of error “regarding the admission or exclusion of evidence is abuse of discretion.” Yoste v. Wal-Mart Stores, Inc., 822 So.2d 935, 936(¶ 7) (Miss.2002). Mitchell asserts that the trial court erred by allowing the State to enter into evidence an oral confession made by Mitchell while en route to the Leake County Correctional Facility. Mitchell alleges that his trial counsel had no knowledge of the confession until the day of trial.
¶ 9. Rule 9.04(A) of the Uniform Circuit and County Court Rules (“URCCC”) states, in pertinent part:
[T]he prosecution must disclose to each defendant or to defendant’s attorney ... the following which is in the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may become known to the prosecution:
[[Image here]]
2. Copy of any written or recorded statement of the defendant and the substance of any oral statement made by the defendant.
URCCC Rule 9.04(1) further states, in pertinent part:
If at any time prior to trial it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule ... the court may ... grant a continuance, or enter such other order is it deems just under the circumstances.
If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:
1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and
2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the nondisclosed evidence or grant a mistrial.
¶ 10. In the case sub judice, the record reveals conflicting testimony as to when the State informed Mitchell’s counsel of the oral confession. In objecting to the admission of the oral confession into evidence, Mitchell’s counsel, outside the presence of the jury, contended that he did not receive the letter notifying him of the oral confession until the day of trial. The State, however, contended that it had faxed the information to Mitchell’s counsel the previous week. The trial judge overruled Mitchell’s motion to suppress, and admitted the confession into evidence. As sufficient evidence existed in the record to support the ruling of the trial judge as to this issue, we find that he did not commit an abuse of discretion in admitting the oral confession into evidence. Furthermore, Mitchell’s counsel did not subsequently request a continuance, which reinforces that he was not likely surprised by the intro *644 duction of the confession into evidence. As such, we find this assertion of error without merit and affirm the decision of the trial court.
B. Miranda violation
¶ 11. Mitchell further argues that the confession was elicited in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but the record reveals testimony by officers that the statement was made spontaneously and without elicitation from the law enforcement officers when Mitchell was en route to the Leake County Correctional Facility. See, e.g., Illinois v. Perkins, 496 U.S. 292, 295, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990) (noting that Miranda only prohibits admission of statements elicited during custodial interrogation without prior warning and defining custodial interrogation as “questioning initiated by law enforcement after the person has been taken into custody”). Therefore, we find this assertion of error without merit.
III. Whether the trial court erred in admitting the results of the search of Mitchell’s residence into evidence because police did not knock and announce.
¶ 12. Because Mitchell cited no authority as to this issue and did not discuss it whatsoever other than mentioning it in the Statement of Issues in his brief, we are not obligated to discuss this assignment of error and consequently affirm. See Gary v. State, 760 So.2d 743, 754 (¶¶ 32-33) (Miss.2000).
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF POSSESSION OF METHAMPHETAMINE AND SENTENCE OF TWENTY-FOUR YEARS, WITH FOURTEEN YEARS SUSPENDED AND TEN YEARS LEFT TO SERVE, AND CONVICTION OF POSSESSION OF METHAMPHETAMINE PRECURSOR CHEMICALS AND SENTENCE OF THIRTY YEARS; BOTH SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.